**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

PRO FIT MANAGEMENT, INC.
d/b/a DRAFT INCREASE SOLUTIONS

Plaintiffs,

v.

LADY OF AMERICA FRANCHISE CORPORATION
&
L&L FITNESS, INC.
d/b/a LADIES WORKOUT EXPRESS
&
KLP FITNESS ENTERPRISES, INC.
d/b/a LADIES WORKOUT EXPRESS
&
SALLY AND JAY, INC
d/b/a LADIES WORKOUT EXPRESS
&
BEVERLY A. SIMONDS
d/b/a LADIES WORKOUT EXPRESS
&
VICKI D. ROBBINS
d/b/a LADIES WORKOUT EXPRESS
&
SARITA L. EVANS
d/b/a LADIES WORKOUT EXPRESS
&
BEV WOMBACHER
d/b/a LADIES WORKOUT EXPRESS
&
JULIE MCCULLUM
d/b/a LADIES WORKOUT EXPRESS
&
NEW FITNESS, INC.
d/b/a LADIES WORKOUT EXPRESS
Serve at: Golilad Limited
410 West Main Street
Havelock, NC 28532

Defendants.

Civil Action No. 08-cv-02662-JAR-DJW

# THIRD AMENDED COMPLAINT

COMES NOW PLAINTIFF, Pro Fit Management, Inc. doing business as Draft Increase Solutions ("Pro Fit"), for its Third Amended Complaint against Defendant Lady of America Franchise Corporation, affiliates Lady of America, Health Clubs of America, Ladies Workout Express, Workout Express for Men and Women (collectively "LOA"), L&L Fitness, Inc., KLP Fitness Enterprises, Inc., Sally and Jay, Inc., Beverly A. Simonds, Vicki D. Robbins, Sarita L. Evans, Bev Wombacher, Julie McCullum, and New Fitness, Inc. and alleges as follows:

## Parties

1. Plaintiff Pro Fit Management, Inc. is a Missouri corporation having its principal place of business at 12318 W. 107th Terr., Overland Park, Kansas, 66210.

2. Upon information and belief, Defendant Lady of America Franchise Corporation is a Florida corporation having its principle place of business at 500 E. Broward Blvd. Suite 1650, Fort Lauderdale, Florida, 33304.

3. Upon information and belief, Defendant L&L Fitness, Inc. is a Massachusetts corporation having its principal place of business located at 79 Lynnfield Street, Peabody, Massachusetts 01960.

4. Upon information and belief, Defendant KLP Fitness Enterprises, Inc. is a Georgia corporation with its principal place of business located at 715 Northside Drive East, Statesboro, Georgia 30458.

5. Upon information and belief, Defendant Sally and Jay, Inc. is a Vermont corporation with its principal place of business located at 168 North Main Street, Northfield, Vermont 05663.

6. Upon information and belief, Defendant Beverly A. Simonds is a Michigan resident whose principal place of business is located at 2545 Capital Ave SW #205, Battle Creek, Michigan 49015.

7. Upon information and belief, Defendant Vicki D. Robbins is a North Carolina resident whose principal place of business is located at 1913 E. Fire Tower Rd., Greenville, North Carolina 27858.

8. Upon information and belief, Defendant Sarita L. Evans is a California resident whose principal place of business located at 1573 Tara Hills Drive, Pinole, California 94564.

9. Upon information and belief, Defendant Bev Wombacher is a Washington resident whose principal place of business located at 4297 North Pearl Street, Ruston, Washington 98407.

10. Upon information and belief, Defendant Julie McCullum is a Colorado resident whose principal place of business located at 2601 South Lemay Avenue, #6, Fort Collins, Colorado 80525.

11. Upon information and belief, Defendant New Fitness, Inc. is a North Carolina corporation with a principal place of business located at 1913 K. East Fire Tower Rd., Greenville, North Carolina 27858.

**Jurisdiction and Venue**

12. This is an action for copyright infringement under 17 U.S.C. § 101 *et seq.*, violation of the Digital Millennium Copyright Act under 17 U.S.C. § 1201 *et seq.*, trademark infringement under 15 U.S.C. §§ 1114 and 1125(a), unfair competition arising under § 43 of the Lanham Act, 15 U.S.C. § 1125, breach of contract under the common law of the State of Kansas, tortious interference with contract under the common law of the State of Kansas, and unfair competition under the common law of the State of Kansas.

13.     This court has jurisdiction over the subject matter of the complaint pursuant to 15 U.S.C. § 1121, 28 U.S.C. 1338(a), and over the unfair competition cause of action under 28 U.S.C. § 1338(b) and 28 U.S.C § 1367.

14.     Furthermore, this Court has supplemental jurisdiction over the breach of contract cause of action, tortious interference with contract, common law unfair competition, and Kansas Statutory trademark infringement causes of action pursuant to 28 U.S.C. § 1367(a) since these claims arise out of the same case or controversy.

15.     This Court has personal jurisdiction over LOA because LOA conducts business within the State of Kansas by way of contracting with Pro Fit in the State of Kansas.

16.     This Court has jurisdiction over L&L Fitness, Inc. because L&L Fitness, Inc.'s infringing actions arise out of the same series of conduct, transactions, or occurrences and implicate common questions of fact and law.

17.     This Court has jurisdiction over KLP Fitness Enterprises, Inc. because KPL Fitness Enterprises, Inc.'s infringing actions arise out of the same series of conduct, transactions, or occurrences and implicate common questions of fact and law.

18.     This Court has jurisdiction over Sally and Jay, Inc. because Sally and Jay, Inc.'s infringing actions arise out of the same series of conduct, transactions, or occurrences and implicate common questions of fact and law.

19.     This Court has jurisdiction over Beverly A. Simonds because Beverly A. Simonds' infringing actions arise out of the same series of conduct, transactions, or occurrences and implicate common questions of fact and law.

20.     This Court has jurisdiction over Vicki D. Robbins because Vicki D. Robbins' infringing actions arise out of the same series of conduct, transactions, or occurrences and implicate common questions of fact and law.

21.     This Court has jurisdiction over Sarita L. Evans because Sarita L. Evans' infringing actions arise out of the same series of conduct, transactions, or occurrences and implicate common questions of fact and law.

22.     This Court has jurisdiction over Bev Wombacher because Bev Wombacher's infringing actions arise out of the same series of conduct, transactions, or occurrences and implicate common questions of fact and law.

23.     This Court has jurisdiction over Julie McCullum because Julie McCullum's infringing actions arise out of the same series of conduct, transactions, or occurrences and implicate common questions of fact and law.

24.     This Court has jurisdiction over New Fitness, Inc. because New Fitness, Inc.'s infringing actions arise out of the same series of conduct, transactions, or occurrences and implicate common questions of fact and law.

25.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of the property that is the subject of the action is situated in this district.

26.     Additionally, venue is proper for efficient and economical allocation of judicial resources.  Upon information and belief, Defendants, jointly and severally, committed acts of infringement of Plaintiff's copyrighted works.  Defendants' actions all stem from the same nucleus of operative facts – namely the infringement of Plaintiff's copyrighted works by way of reproducing, distributing, and/or otherwise creating unauthorized derivative works in the form of

the infringing LOA "Waist Away" materials. If the court does not grant allocation of actions in this form, pursuing justice against all ten (10) Defendants would tie up judicial resources in nine separate courts and Plaintiff would be forced to depose witnesses and collect evidence ten separate times. The speedy and efficient administration of justice would be better served in this forum and defendants would not be unfairly disadvantaged.

## **Facts Common to All Counts**

### **Pro Fit's Background**

27. Mike Murphy formed Pro Fit in 2001 and is the current president and owner.

28. Mike Murphy has been in the health club and fitness consulting industry for over thirteen years.

29. From 1998 to 2003, Mike Murphy owned three Ladies Workout Express franchises in the State of Kansas.

30. Pro Fit specializes in providing advertising and marketing programs and materials for health clubs which are used in business development by the health clubs.

31. On or about 2001, LOA acquired Ladies Workout Express Corporation (hereinafter "LWE"), a Georgia corporation.

32. Pro Fit has assisted LOA with regard to marketing programs with several LOA franchises, including LOA franchises in Topeka, and Olathe, Kansas that were franchisees of LOA Corporate.

33. Mike Murphy personally visited the LOA franchises in Topeka, Olathe, Lenexa, and Shawnee, Kansas and the LWE franchises in Salina and Hutchison, Kansas.

34. In addition, Pro Fit has developed a novel and unique marketing program under the FOREVER FIT brand.

35.     Since 2006, Pro Fit has created, marketed, sold, and distributed FOREVER FIT proprietary materials to health clubs nationwide under the FOREVER FIT brand.

36.     FOREVER FIT marketing and advertising materials include, but are not limited to, customized postcards, postal map, program manual, promotional poster, and a CD-ROM that includes telephone scripts, telephone inquiry logs, health and fitness profiles, sales presentation sheets, member assessment forms, and nutritional workshop outline an example of which is attached as Exhibit A. (hereinafter "FOREVER FIT Proprietary Materials")

37.     The FOREVER FIT Proprietary Materials are distributed with a limited license agreement (hereinafter "License"), attached as Exhibit B.

38.     The License contains a forum selection clause which provides that all disputes are to be resolved under the laws and jurisdiction of the State of Kansas, including federal courts and waiving any jurisdictional and venue defenses.

39.     Pro Fit has several federally registered copyrights, including TXu1293992, TX0006327315, and TX0006327314 for its marketing and advertising materials, TXu1293992 certificate is attached as Exhibit C.

40.     In addition, Pro Fit has a federally registered trademark and service mark, "FOREVER FIT," Registration Serial No. 3,533,865, attached as Exhibit D.

41.     Pro Fit actively and prominently promotes its goods and services nationally under the registered mark FOREVER FIT in all of its advertisements, including, but not limited to, online advertisements and print advertisements.

42.     Pro Fit has expended substantial amounts of money promoting the FOREVER FIT mark and as such the mark has acquired substantial good will associated with the mark, specifically,

Pro Fit has spent over $180,000 promoting the brand FOREVER FIT. The FOREVER FIT mark serves to identify Pro Fit as the source of goods and services bearing the FOREVER FIT mark.

43. Pro Fit values its intellectual property, and as such, reasonably monitors such use. Pro Fit has sent notices to several LOA franchises when the need has arisen, however, LOA has interfered with some attempts to enforce its rights by limiting Pro Fit's notification efforts.

44. Any authorization related to the use of Pro Fit materials is limited to a single use based upon the License.

45. Pro Fit sold FOREVER FIT programs, subject to the License, to nine (9) LOA corporate owned franchises during 2007, including:

a. Little Rock, AR – on or about May 7, 2007;

b. Natick, MA – on or about June 5, 2007;

c. Oro Valley, AZ – on or about June 5, 2007;

d. Oklahoma City, OK – on or about August 23, 2007;

e. Coral Springs, FL – on or about August 23, 2007;

f. Rowlett, TX – on or about August 23, 2007;

g. McKinney, TX – on or about August 23, 2007;

h. Sachse, TX – on or about August 23, 2007; and

i. Rockwall, TX – on or about August 23, 2007.

**<u>LOA's Conduct</u>**

46. LOA owns and operates health clubs across the country and is also a franchisor, and as such, has franchises across the United States. LOA has over 300 franchised and corporate owned clubs worldwide.

47.     Upon information and belief, LOA as a franchisor entered into contracts with Kansas entities targeting Kansas consumers.

48.     Upon information and belief, each of the LOA franchises pay a monthly stipend to LOA into a pooled marketing fund under direct control of LOA which is disbursed on behalf of the franchisees collectively.

49.     Upon information and belief, this fund was used in connection with the Waist Away marketing program.

50.     As a franchisor, LOA authorizes preferred vendors with whom franchisees can conduct business.

51.     As a part of the preferred vendor process and in association with the purchase of the FOREVER FIT program by LOA, Pro Fit provided a copy of the FOREVER FIT Proprietary Material to LOA on or about March 27, 2007.  This sale included the License.

52.     Use by LOA corporate owned franchises and other corporate owned franchise use of the Pro Fit FOREVER FIT copyrighted proprietary materials is governed by the License agreement, which was provided as part of the FOREVER FIT program.

53.     Defendant LOA is a health club franchisor catering to women with franchises under the names LOA Fitness for Women and Ladies Workout Express.

54.     LOA franchises include Lady of America, Health Clubs of America, Ladies Workout Express, and Workout Express for Men and Women.

55.     LOA has operated both corporate and franchise clubs in the States of Kansas and Missouri, several within the Kansas City metropolitan area.

56.     Pursuant to the License, LOA obtained Pro Fit's FOREVER FIT copyrighted proprietary materials.  Such use is limited to a single use for a single physical location.

57. LOA unlawfully copied all or a portion of Pro Fit's FOREVER FIT copyrighted proprietary materials.

58. LOA has sold and/or distributed unlawful copies of Pro Fit's FOREVER FIT copyrighted proprietary materials via the World Wide Web by publishing on the Internet through a website.

59. LOA made Pro Fit an authorized preferred vendor with whom franchisees can obtain Pro Fit's marketing program.

60. LOA has interfered with Pro Fit's attempts to protect its intellectual property. Specifically, LOA has required that Pro Fit obtain authorization from LOA before resolving potentially infringing conduct by LOA franchises in breach of the License.

61. Upon information and belief, LOA's unlawfully copying of Pro Fit's copyrighted proprietary material is an attempt by LOA to encourage the willful violation by others of Pro Fit's rights associated with its FOREVER FIT program.

62. Upon information and belief, in the course of LOA's infringement of Pro Fit's copyrighted proprietary material, LOA has removed the copyright notice on the face of several documents which they've infringed, which may be prohibited by 17 U.S.C. § 506 and 17 U.S.C. § 1201.

63. As a result of enforcement of Pro Fit's rights in FOREVER FIT proprietary materials, LOA issued a statement to its clubs that as of January 14, 2009, Pro Fit is no longer an authorized preferred vendor.

**Count 1 – Copyright Infringement**
**17 U.S.C. § 101 *et seq.***

64. Pro Fit incorporates by reference all allegations previously or hereinafter stated as if fully set forth herein.

65.     Pro Fit has registered its works, e.g. its program guide, operations manual, compact disc and postcard, with the United States Copyright Office and has attached registration certifications related thereto, including Registration Nos., TX0006327315, TX0006327314, and TXu1293992.

66.     The compact disc and program guide includes an introduction, marketing materials, a telephone script, fitness profile, telephone inquiry log, program outline, assessment sheet, price sheet, 12-week addendum, 12-week attendance chart, schedule of nutritional seminars, and a seminar reminder call log. (*See* Exhibit A)

67.     Upon information and belief, LOA obtained access to the FOREVER FIT program on or about March 27, 2007, which was governed by the License.  The License allowed for a single use of the materials and restricting LOA from copying, distributing, publishing, or making derivative works. (*See* Exhibit B).

68.     Each document of the FOREVER FIT program included a copyright notice on its face, "© Forever Fit" followed by the year, providing LOA notice of Pro Fit's copyright.  An example of which is attached as Exhibit E.

69.     Upon information and belief and without Pro Fit's permission, LOA digitally copied all, or a substantial portion, of the aforementioned FOREVER FIT proprietary materials.

70.     Upon information and belief and without Pro Fit's permission, LOA distributed it through a corporate owned web site for downloading by other LOA owned health clubs, located on the World Wide Web at http://www.loa-advertising.com.

71.     The resulting LOA materials contain substantially similar, if not identical, textual and graphical elements belonging to Plaintiff's work as to constitute copyright infringement.  Upon information and belief, on some documents, LOA removed Pro Fit's FOREVER FIT mark and affixed LOA's "Waist Away" indicia, changed the title of the document, and kept the remaining

visual and/or textual elements substantially identical. An example of which is attached as Exhibit F.

72. LOA is continuing and on information and belief is likely to continue its course of infringement, to the irreparable damage of Pro Fit, and in consequence thereof, unless LOA is restrained and enjoined, Pro Fit will suffer further and irreparable damage for which Pro Fit has no full adequate remedy at law.

**Count 2 – Copyright Infringement**
**17 U.S.C. § 101 *et seq.***

73. Pro Fit incorporates by reference all allegations previously or hereinafter stated as if fully set forth herein.

74. Upon information and belief and without Pro Fit's permission, L&L Fitness, Inc. obtained LOA's infringing "Waist Away" materials by downloading or otherwise obtaining said materials from LOA.

75. Upon information and belief and without Pro Fit's permission, L&L Fitness, Inc. reproduced, distributed, and otherwise created unauthorized derivative works by way of use of LOA's infringing "Waist Away" materials for its own profit and advantage and without Pro Fit's permission in violation of Pro Fit's copyrights.

76. By reason of the above acts, L&L Fitness, Inc. has infringed Pro Fit's copyright under 17 U.S.C. § 101 *et seq.* and consequently Pro Fit has been damaged and irreparably harmed.

77. Upon information and belief L&L Fitness, Inc. is continuing and is likely to continue its course of infringement, to the irreparable damage of Pro Fit, and in consequence thereof, unless L&L Fitness, Inc. is restrained and enjoined, Pro Fit will suffer further and irreparable damage for which Pro Fit has no full adequate remedy at law.

**Count 3 – Copyright Infringement**

**17 U.S.C. § 101 *et seq.***

78.    Pro Fit incorporates by reference all allegations previously or hereinafter stated as if fully set forth herein.

79.    Upon information and belief and without Pro Fit's permission, KLP Fitness Enterprises, Inc. obtained LOA's infringing "Waist Away" materials by downloading or otherwise obtaining said materials from LOA.

80.    Upon information and belief and without Pro Fit's permission, KLP Fitness Enterprises, Inc. reproduced, distributed, and otherwise created unauthorized derivative works by way of use of LOA's infringing "Waist Away" materials for its own profit and advantage and without Pro Fit's permission in violation of Pro Fit's copyrights.

81.    By reason of the above acts, KLP Fitness Enterprises, Inc. has infringed Pro Fit's copyright under 17 U.S.C. § 101 *et seq.* and consequently Pro Fit has been damaged and irreparably harmed.

82.    Upon information and belief KLP Fitness Enterprises, Inc. is continuing and is likely to continue its course of infringement, to the irreparable damage of Pro Fit, and in consequence thereof, unless KLP Fitness Enterprises, Inc. is restrained and enjoined, Pro Fit will suffer further and irreparable damage for which Pro Fit has no full adequate remedy at law.

**Count 4– Copyright Infringement**
**17 U.S.C. § 101 *et seq.***

83.    Pro Fit incorporates by reference all allegations previously or hereinafter stated as if fully set forth herein.

84.    Upon information and belief and without Pro Fit's permission, Sally and Jay, Inc. obtained LOA's infringing "Waist Away" materials by downloading or otherwise obtaining said materials from LOA.

85. Upon information and belief and without Pro Fit's permission, Sally and Jay, Inc. reproduced, distributed, and otherwise created unauthorized derivative works by way of use of LOA's infringing "Waist Away" materials for its own profit and advantage and without Pro Fit's permission in violation of Pro Fit's copyrights.

86. By reason of the above acts, Sally and Jay, Inc. has infringed Pro Fit's copyright under 17 U.S.C. § 101 *et seq.* and consequently Pro Fit has been damaged and irreparably harmed.

87. Upon information and belief Sally and Jay, Inc. is continuing and is likely to continue its course of infringement, to the irreparable damage of Pro Fit, and in consequence thereof, unless Sally and Jay, Inc. is restrained and enjoined, Pro Fit will suffer further and irreparable damage for which Pro Fit has no full adequate remedy at law.

**Count 5 – Copyright Infringement**
**17 U.S.C. § 101 *et seq.***

88. Pro Fit incorporates by reference all allegations previously or hereinafter stated as if fully set forth herein.

89. Upon information and belief and without Pro Fit's permission, Beverly A. Simonds obtained LOA's infringing "Waist Away" materials by downloading or otherwise obtaining said materials from LOA.

90. Upon information and belief and without Pro Fit's permission, Beverly A. Simonds reproduced, distributed, and otherwise created unauthorized derivative works by way of use of LOA's infringing "Waist Away" materials for its own profit and advantage and without Pro Fit's permission in violation of Pro Fit's copyrights.

91. By reason of the above acts, Beverly A. Simonds has infringed Pro Fit's copyright under 17 U.S.C. § 101 *et seq.* and consequently Pro Fit has been damaged and irreparably harmed.

92. Upon information and belief Beverly A. Simonds is continuing and is likely to continue her course of infringement, to the irreparable damage of Pro Fit, and in consequence thereof, unless Beverly A. Simonds is restrained and enjoined, Pro Fit will suffer further and irreparable damage for which Pro Fit has no full adequate remedy at law.

**Count 6 – Copyright Infringement**
**17 U.S.C. § 101 *et seq.***

93. Pro Fit incorporates by reference all allegations previously or hereinafter stated as if fully set forth herein.

94. Upon information and belief and without Pro Fit's permission, Vicki D. Robbins obtained LOA's infringing "Waist Away" materials by downloading or otherwise obtaining said materials from LOA.

95. Upon information and belief and without Pro Fit's permission, Vicki D. Robbins reproduced, distributed, and otherwise created unauthorized derivative works by way of use of LOA's infringing "Waist Away" materials for its own profit and advantage and without Pro Fit's permission in violation of Pro Fit's copyrights.

96. By reason of the above acts, Vicki D. Robbins has infringed Pro Fit's copyright under 17 U.S.C. § 101 *et seq.* and consequently Pro Fit has been damaged and irreparably harmed.

97. Upon information and belief Vicki D. Robbins is continuing and is likely to continue her course of infringement, to the irreparable damage of Pro Fit, and in consequence thereof, unless Vicki D. Robbins is restrained and enjoined, Pro Fit will suffer further and irreparable damage for which Pro Fit has no full adequate remedy at law.

**Count 7 – Copyright Infringement**
**17 U.S.C. § 101 *et seq.***

98.     Pro Fit incorporates by reference all allegations previously or hereinafter stated as if fully set forth herein.

99.     Upon information and belief and without Pro Fit's permission, Sarita L. Evans obtained LOA's infringing "Waist Away" materials by downloading or otherwise obtaining said materials from LOA.

100.    Upon information and belief and without Pro Fit's permission, Sarita L. Evans reproduced, distributed, and otherwise created unauthorized derivative works by way of use of LOA's infringing "Waist Away" materials for its own profit and advantage and without Pro Fit's permission in violation of Pro Fit's copyrights.

101.    By reason of the above acts, Sarita L. Evans has infringed Pro Fit's copyright under 17 U.S.C. § 101 *et seq.* and consequently Pro Fit has been damaged and irreparably harmed.

102.    Upon information and belief Sarita L. Evans is continuing and is likely to continue her course of infringement, to the irreparable damage of Pro Fit, and in consequence thereof, unless Sarita L. Evans is restrained and enjoined, Pro Fit will suffer further and irreparable damage for which Pro Fit has no full adequate remedy at law.

**Count 8 – Copyright Infringement**
**17 U.S.C. § 101 *et seq.***

103.    Pro Fit incorporates by reference all allegations previously or hereinafter stated as if fully set forth herein.

104.    Upon information and belief and without Pro Fit's permission, Bev Wombacher obtained LOA's infringing "Waist Away" materials by downloading or otherwise obtaining said materials from LOA.

105.    Upon information and belief and without Pro Fit's permission, Bev Wombacher reproduced, distributed, and otherwise created unauthorized derivative works by way of use of

LOA's infringing "Waist Away" materials for its own profit and advantage and without Pro Fit's permission in violation of Pro Fit's copyrights.

106. By reason of the above acts, Bev Wombacher has infringed Pro Fit's copyright under 17 U.S.C. § 101 *et seq.* and consequently Pro Fit has been damaged and irreparably harmed.

107. Upon information and belief Bev Wombacher is continuing and is likely to continue her course of infringement, to the irreparable damage of Pro Fit, and in consequence thereof, unless Bev Wombacher is restrained and enjoined, Pro Fit will suffer further and irreparable damage for which Pro Fit has no full adequate remedy at law.

**Count 9 – Copyright Infringement**
**17 U.S.C. § 101 *et seq.***

108. Pro Fit incorporates by reference all allegations previously or hereinafter stated as if fully set forth herein.

109. Upon information and belief and without Pro Fit's permission, Julie McCullum obtained LOA's infringing "Waist Away" materials by downloading or otherwise obtaining said materials from LOA.

110. Upon information and belief and without Pro Fit's permission, Julie McCullum reproduced, distributed, and otherwise created unauthorized derivative works by way of use of LOA's infringing "Waist Away" materials for its own profit and advantage and without Pro Fit's permission in violation of Pro Fit's copyrights.

111. By reason of the above acts, Julie McCullum has infringed Pro Fit's copyright under 17 U.S.C. § 101 *et seq.* and consequently Pro Fit has been damaged and irreparably harmed.

112. Upon information and belief Julie McCullum is continuing and is likely to continue her course of infringement, to the irreparable damage of Pro Fit, and in consequence thereof, unless

Julie McCullum is restrained and enjoined, Pro Fit will suffer further and irreparable damage for which Pro Fit has no full adequate remedy at law.

**Count 10 – Copyright Infringement**
**17 U.S.C. § 101 *et seq.***

113. Pro Fit incorporates by reference all allegations previously or hereinafter stated as if fully set forth herein.

114. Upon information and belief and without Pro Fit's permission, New Fitness, Inc. obtained LOA's infringing "Waist Away" materials by downloading or otherwise obtaining said materials from LOA.

115. Upon information and belief and without Pro Fit's permission, New Fitness, Inc. reproduced, distributed, and otherwise created unauthorized derivative works by way of use of LOA's infringing "Waist Away" materials for its own profit and advantage and without Pro Fit's permission in violation of Pro Fit's copyrights.

116. By reason of the above acts, New Fitness, Inc. has infringed Pro Fit's copyright under 17 U.S.C. § 101 *et seq.* and consequently Pro Fit has been damaged and irreparably harmed.

117. Upon information and belief New Fitness, Inc. is continuing and is likely to continue her course of infringement, to the irreparable damage of Pro Fit, and in consequence thereof, unless New Fitness, Inc. is restrained and enjoined, Pro Fit will suffer further and irreparable damage for which Pro Fit has no full adequate remedy at law.

**Count 11 – Violation of the Digital Millennium Copyright Act**
**17 U.S.C. § 1201, *et seq.***

118. Pro Fit incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

119. Pro Fit owns all rights of copyright in the FOREVER FIT proprietary materials.

120. The copyright notice affixed to the documents included in the FOREVER FIT proprietary materials, "© Forever Fit" followed by the date, is copyright management information.

121. Upon information and belief and without Pro Fit's permission, LOA intentionally removed the aforementioned copyright management information from the face of several, if not all, documents included in the FOREVER FIT proprietary materials.

122. LOA is continuing and on information and belief is likely to continue its course of intentional removal of copyright management information, to the irreparable damage of Pro Fit, and in consequence thereof, unless LOA is restrained and enjoined, Pro Fit will suffer further and irreparable damage for which Pro Fit has no full adequate remedy at law.

**Count 12 – Trademark Infringement**
**15 U.S.C. §§ 1114(1) & 1125(a)**

123. Pro Fit incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

124. LOA uses the FOREVER FIT mark on or in connection with their "Waist Away" program in that the mark FOREVER FIT appears on the advertising materials in such a way that it appears at least some of the materials emanate, originate, were created by, or are endorsed by Pro Fit.

125. LOA's use of the FOREVER FIT mark in connection with their advertising materials comprises an infringement of Pro Fit's registered FOREVER FIT trademark in that such use is in interstate commerce through the internet and such mark is identical to Pro Fit's mark in connection with LOA's materials, including, but not limited to, "12 Week Fitness Assessment" and "Health & Fitness Profile," among others, such that it does or is likely to cause confusion, mistake and/or deception among purchasers of the "Waist Away" program as to its identity and origin.

126. By reason of the foregoing acts, LOA is liable to Pro Fit for trademark infringement under 15 U.S.C. § 1051 *et seq*., including 15 U.S.C. § 1114 and § 1125(a).

LOA is continuing and on information and belief is likely to continue its course of intentional removal of copyright management information, to the irreparable damage of Pro Fit, and in consequence thereof, unless LOA is restrained and enjoined, Pro Fit will suffer further and irreparable damage for which Pro Fit has no full adequate remedy at law.

**Count 13 – Unfair Competition**
**15 U.S.C. § 1125**

127. Pro Fit incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

128. Pro Fit has and currently uses its FOREVER FIT mark to identify it as the source of Pro Fit's proprietary materials.

129. Pro Fit's proprietary materials include, but are not limited to, an introduction, marketing materials, a telephone script, fitness profile, telephone inquiry log, program outline, assessment sheet, price sheet, 12-week addendum, 12-week attendance chart, schedule of nutritional seminars, and a seminar reminder call log. (*See* Exhibit A)

130. Upon information and belief, LOA has and currently uses "Waist Away" to identify LOA as the source of Pro Fit's proprietary materials.

131. As a result of the facts alleged above, Pro Fit has developed a mark that is closely associated with and is an indication of source of origin of the goods sold and services rendered by Pro Fit. The FOREVER FIT mark, as used by Pro Fit, has acquired a substantial and favorable reputation and goodwill in connection with the goods and services offered by Pro Fit relating to health club advertising and membership promotion.

132. Upon information and belief, LOA's "Waist Away" program is a copy of Pro Fit's FOREVER FIT proprietary materials in that meta-data of several LOA "Waist Away" electronic documents contain the term FOREVER FIT or includes other related data.

133. Upon information and belief, the continued and unauthorized use of Pro Fit's marks in advertising is likely to and is intended to cause confusion or mistake or to deceive as to the affiliation, connection or association of LOA with Pro Fit or the possible origin, sponsorship or approval of LOA's products and/or services by Pro Fit.

134. LOA's use of "Waist Away" on the documents is a misrepresentation that LOA is affiliated with Pro Fit, which constitutes unfair competition with Pro Fit.

135. LOA's use of the "Waist Away" mark in association with products or services associated with LOA's website is in direct competition with Pro Fit's FOREVER FIT products and services in that they target identical customers.

136. LOA's use of the "Waist Away" mark is likely to, if not actually cause confusion, mistake, and deception among its users.

137. LOA is continuing and upon information and belief is likely to continue its course of unfair competition, to the irreparable damage of Pro Fit, and in consequence thereof, unless LOA is restrained and enjoined Pro Fit will suffer further and irreparable damage for which Pro Fit has no full and adequate remedy at law.

**Count 14 – Breach of Contract**

138. Pro Fit incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

139. Pro Fit provided its FOREVER FIT proprietary materials subject to the License. LOA and LOA franchises obtained access to the FOREVER FIT proprietary materials.

140.   Pro Fit and LOA entered into an agreement under which Pro Fit became an authorized preferred vendor for LOA and its franchises.

141.   Pro Fit offered its materials to LOA and LOA franchisees subject the License.  The License specifically stated that no unauthorized copies or distribution of the FOREVER FIT proprietary materials was permitted.

142.   From March 27, 2007 to August 23, 2007, LOA or its affiliates or franchises have obtained at least nine (9) copies of the FOREVER FIT program, each subject to the License.

143.   Upon information and belief, LOA breached the License in that the License prohibited copying, modification, reproduction, republishing, displaying and distributing or transmitting all or any portion of the FOREVER FIT proprietary materials and that LOA did so for itself and others utilizing the Internet for distribution to other health clubs and franchises through http://www.loa-advertising.com.

144.   In addition, LOA breached the License in that they, or others on their behalf, copied, distributed and/or made derivative works based on Pro Fit's copyrighted work.

145.   LOA knew of the existence of the preferred vendor relationship.

146.   The franchises were made aware of the authorized preferred vendor status of Pro Fit.

147.   As an authorized preferred vendor, Pro Fit had the right and ability to sell its FOREVER FIT proprietary materials to LOA franchises.

148.   As an authorized preferred vendor, the franchises had the right and ability to purchase the FOREVER FIT proprietary materials directly from Pro Fit.

149.   Upon information and belief, LOA terminated Pro Fit's right based on the present suit, in which Pro Fit includes the assertion that LOA unlawfully infringed Pro Fit's right.

150.   In addition, the use of the FOREVER FIT proprietary materials is subject to the License.

151. The License, among other limitations, limited the use and reproduction of the FOREVER FIT proprietary materials.

152. The use of the FOREVER FIT proprietary materials is conditioned upon agreement to the License.

153. LOA violated the License when they used, copied, distributed, published, transmitted, or modified the FOREVER FIT proprietary materials in a manner prohibited by the License.

154. LOA is continuing and on information and belief is likely to continue to breach the License, to the irreparable damage of Pro Fit, and in consequence thereof, unless LOA is restrained and enjoined, Pro Fit will suffer further and irreparable damage for which Pro Fit has no full adequate remedy at law.

**Count 15 – Tortious Interference with Contract**

155. Pro Fit incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

156. Pro Fit sold over fifty (50) programs containing the FOREVER FIT proprietary materials to LOA franchises subject to the License.

157. LOA was aware of at least some purchases by LOA franchises in that FOREVER FIT provided a monthly report to LOA of franchise orders.

158. Each order was subject to the License which LOA was aware of and had knowledge of.

159. LOA knew the License prohibited copying, distribution, and republication of the FOREVER FIT proprietary materials.

160. LOA intentionally induced a breach of the License in that LOA placed unlawful infringing copies of the Pro Fit materials on its website for downloading by others, in violation of the License.

161. By making the FOREVER FIT proprietary materials available for download and encouraging LOA franchises, subject to the License, to copy, distribute, republish, display and transmit, LOA induced the breach of the License by others and the LOA franchises did breach the license by using the FOREVER FIT proprietary materials in violation of the license.

162. Pro Fit suffered damages as a result of this breach.

163. LOA required Pro Fit to obtain permission from LOA prior to enforcing or contacting the LOA franchises who violated the License.

164. LOA also interfered with Pro Fit's attempts to enforce and/or remedy its rights under the License by requiring Pro Fit to curtail or delay enforcement activities.

165. Pro Fit asserts claims of copyright infringement, trademark infringement, and unfair completion against LOA, all of which are protected under federal laws including 15 U.S.C. § 1051 et seq. and 17 U.S.C. § 101 et seq.

166. LOA's actions have caused injury to the plaintiff in an amount to be determined at trial.

167. LOA is continuing and on information and belief is likely to continue its course of tortuous interference with contract, to the irreparable damage of Pro Fit, and in consequence thereof, unless LOA is restrained and enjoined, Pro Fit will suffer further and irreparable damage for which Pro Fit has no full adequate remedy at law.

**Count 16 – Unfair Competition Under Kansas Common Law**

168. Pro Fit incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

169. LOA's conduct constitutes unfair competition under the common law of Kansas by a deliberate course of conduct, all without authorization, license, privilege or justification.

170. LOA's actions constitute unfair competition under Kansas law, in that LOA's use of the name FOREVER FIT, in connection with its "Waist Away" program. is likely to cause confusion in the trade, deceive the public, and substantially prejudice the rights of Pro Fit, who has used the name FOREVER FIT in connection with identical products and services, in the same trade, namely health clubs..

171. LOA is continuing and on information and belief is likely to continue its course of unfair competition, the use of the FOREVER FIT name, to the irreparable damage of Pro Fit, causing confusion, and diluting the name in consequence thereof, unless LOA is restrained and enjoined, Pro Fit will suffer further and irreparable damage for which Pro Fit has no full adequate remedy at law.

**Count 17 – Vicarious Liability**

172. Pro Fit incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein

173. LOA, the franchisor, was in control of, and provided to each and every franchisee, the infringing materials subject to this lawsuit.

174. Upon information and belief, LOA received a direct financial benefit from the franchisees to develop marketing programs including the Waste Away program for use by the franshisees, which included the infringing materials subject to this lawsuit.

175. LOA, the franchisor, had knowledge of Plaintiff's copyright and knowingly reproduced said materials, placing them on their website for downloading by franchisees of LOA for the purpose of infringing Plaintiff's copyright.

176. By knowingly providing the site, methods and infringing materials to the franchisees, LOA, as franchisor, is responsible for the irreparable damage caused to Pro Fit based on

contributory liability and in consequence thereof, unless LOA is restrained and enjoined, Pro Fit will suffer further and irreparable damage for which Pro Fit has no full adequate remedy at law.

## Count 18 – Contributory Liability

177. Pro Fit incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein

178. LOA, the franchisor, was in control of, and provided to each and every franchisee, the infringing materials subject to this lawsuit.

179. LOA's franchisees extend across the U.S. and the world.

180. LOA developed the infringing materials from plaintiff's copyrighted work.

181. LOA had knowledge that plaintiff's copyrighted work was copyrighted in part because the materials included a copyright notice on the materials attributing the rights in the copyright to plaintiff. LOA also knew plaintiff's had copyrights in the works because defendant had communications with plaintiff and franchisees related to plaintiff's copyright in plaintiff's copyrighted materials.

182. The infringing materials were distributed to franchisees using a website and resources provided by defendant LOA which were accessible through a login screen at www.ladyofamerica.com which was under the supervision and control of defendant, who promoted the infringing materials and encouraged franchisees to utilize the infringing materials, including paying franchisees for using and promoting the infringing materials.

183. The website under the control and supervision of defendant LOA actively promoted the infringement of plaintiff's materials by promoting the materials and making the infringing materials available for download by the franchisees from defendant LOA's website.

184.   At the time defendant LOA provided the infringing materials on defendant LOA's website, defendant LOA knew the franchisees would use the infringing materials to infringe plaintiff's copyright.

185.   Defendant LOA, with knowledge, induced, caused or materially contributed to the infringing conduct of the franchisees.

186.   By knowingly contributing to the infringing conduct of the franchisees, defendant LOA, by providing an environment, including a website which distributed and marketed the infringing materials to franchisees which extended across the U.S. and the world, which as franchisor and website operator, defendant LOA, is responsible for the irreparable damage caused to Pro Fit based on its contributory liability.

**Prayer for Relief**

WHEREFORE, Pro Fit demands a judgment against Defendant and prays that this Court will:

a. Permanently enjoin all Defendants, agents, servants, employees, officers and directors and all persons in active concert or participation with them or acting for, with, by, through, or under them, from infringing Pro Fit's copyrights; from infringing Pro Fit's FOREVER FIT mark, either alone or in association with other terms; and from unfair competition with Defendants.

b. Defendants may be ordered to recall any materials found to infringe or violate Pro Fit's rights which have been copied, distributed, published or otherwise made available by Defendants, or under their authority, to any customer including, but not limited to, any franchisee, affiliate, or other association in possession of any materials found to infringe, and also to deliver to each such customer a copy of this Court's order as it related to said injunctive relief against Defendants;

c. Defendants be ordered to deliver up for impoundment and for destruction all materials found to be infringing or other materials in the possession, custody, or under the control of Defendants that are found to infringe any of Pro Fit's marks or that otherwise unfairly compete with Pro Fit and their products or services;

d. Grant to Pro Fit an award and accounting of Defendants' profits, any damages sustained by Pro Fit, statutory damages, and that all profits or damages to be

trebled, the costs of this action, and Pro Fit's attorney's fees, pursuant to 15 U.S.C. § 1117, and/or 17 U.S.C. §§ 502-503.

e.  Award punitive damages for Defendants' acts of unfair competition and intentional and willful conduct.

f.  Award equitable damages for Defendants' acts of breach of contract and tortious interference with contract.

g.  Grant to Pro Fit such further relief as may be equitable and proper.

## Designation of Place of Trial

Plaintiff hereby designates Kansas City, Kansas as the place of trial of the above-styled matter.

## Request for Jury Trial

Plaintiff hereby requests trial by jury of the above-styled matter.

Respectfully submitted,

By: s/Arthur K. Shaffer

Arthur K. Shaffer, #20609
INTELLECTUAL PROPERTY CENTER, LLC
9233 Ward Parkway
Suite 100
Kansas City, Missouri 64114
Telephone: (816) 363-1555
Facsimile: (816) 363-1201

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January 2010, a copy of the above and foregoing was filed with the U.S. District Court, for the District of Kansas, using the CM/ECF system with notice of electronic filing to be generated and sent to the following counsel of record:

LATHROP & GAGE, LLP
Robert O. Lesley
Joan K. Archer
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108
Phone: (816) 292-2000
Fax: (816) 292-2100

ZARCO EINHORN SALKOWSKI & BRITO, P.A.
Robert Zarco, Esq.
Himanshu M. Patel, Esq.
100 S.E. 2nd Street, Suite 2700
Miami, FL 33131
Phone: (305) 374-5418
Fax: (305) 374-5428

By: s/Arthur K. Shaffer
Arthur K. Shaffer