**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS**

| | | |
|---|---|---|
| PRO FIT MANAGEMENT, INC.<br>d/b/a DRAFT INCREASE SOLUTIONS | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 08-cv-02662-JAR-DJW |
| v. | ) | |
| | ) | |
| LADY OF AMERICA FRANCHISE | ) | |
| CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

**LADY OF AMERICA FRANCHISE CORPORATION'S
ANSWER, AFFIRMATIVES DEFENSES AND COUNTERCLAIM
TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant/Counterclaim Plaintiff Lady of America Franchise Corporation ("LOA"), for

its answer to Plaintiff/Counterclaim Defendant Pro Fit Management, Inc. d/b/a Draft Increase

Solutions' ("Pro Fit") Third Amended Complaint, alleges and states as follows:

1.      Admitted.

2.      Admitted.

3.      LOA is not required to respond to this allegation because it is not applicable to

LOA.

4.      LOA is not required to respond to this allegation because it is not applicable to

LOA.

5.      LOA is not required to respond to this allegation because it is not applicable to

LOA.

6.      LOA is not required to respond to this allegation because it is not applicable to

LOA.

7.     LOA is not required to respond to this allegation because it is not applicable to LOA.

8.     LOA is not required to respond to this allegation because it is not applicable to LOA.

9.     LOA is not required to respond to this allegation because it is not applicable to LOA.

10.     LOA is not required to respond to this allegation because it is not applicable to LOA.

11.     LOA is not required to respond to this allegation because it is not applicable to LOA.

12.     LOA admits that Pro-Fit has asserted the claims listed in paragraph 12 of the Second Amended Complaint but denies that Pro Fit is entitled to any relief.

13.     LOA admits that this Court has jurisdiction over the subject matter of the complaint but denies that Pro Fit is entitled to any relief.

14.     LOA admits the allegations in paragraph but denies that Pro Fit is entitled to any relief.

15.     Denied.

16.     LOA is not required to respond to this allegation because it is not applicable to LOA.

17.     LOA is not required to respond to this allegation because it is not applicable to LOA.

18.     LOA is not required to respond to this allegation because it is not applicable to

LOA.

19.     LOA is not required to respond to this allegation because it is not applicable to LOA.

20.     LOA is not required to respond to this allegation because it is not applicable to LOA.

21.     LOA is not required to respond to this allegation because it is not applicable to LOA.

22.     LOA is not required to respond to this allegation because it is not applicable to LOA.

23.     LOA is not required to respond to this allegation because it is not applicable to LOA.

24.     LOA is not required to respond to this allegation because it is not applicable to LOA.

25.     Denied.

26.     Denied.

## <u>FACTS COMMON TO ALL COUNTS</u>

27.     LOA is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 27 of the Third Amended Complaint and, therefore, denies the same.

28.     LOA is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 28 of the Third Amended Complaint and, therefore, denies the same.

29.     LOA is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 29 of the Third Amended Complaint and, therefore, denies the same.

30.     LOA is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 30 of the Third Amended Complaint and, therefore, denies the same.

31.     Admitted.

32.     Denied.

33.     LOA is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 33 of the Third Amended Complaint and, therefore, denies the same.

34.     Denied.

35.     LOA is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 35 of the Third Amended Complaint and, therefore, denies the same.

36.     LOA admits that "Forever Fit" marketing materials are attached as Exhibit A. LOA is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 36 of the Third Amended Complaint and, therefore, denies the same.

37.     LOA is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 37 of the Third Amended Complaint and, therefore, denies the same.

38.     LOA states that the exhibit speaks for itself, and to the extent paragraph 38 of the Third Amended Complaint contains legal conclusions, no response is necessary.  To the extent paragraph 38 of the Third Amended Complaint contains factual allegations, LOA denies the same.

39.     LOA admits that page 1 of TXu1-293-992 is attached as Exhibit C and that the exhibit speaks for itself.  LOA is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 39 of the Third Amended Complaint and, therefore, denies the same.

40.     LOA states that Exhibit D speaks for itself and that no response is necessary.

41.     LOA is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 40 of the Third Amended Complaint and, therefore, denies the same.

42.     LOA is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 41 of the Third Amended Complaint and, therefore, denies the same.

43.     Denied.

44.     LOA states that the exhibit speaks for itself, and to the extent paragraph 44 of the Third Amended Complaint contains legal conclusions, no response is necessary.  To the extent paragraph 44 of the Third Amended Complaint contains factual allegations, LOA denies the same.

45.     LOA admits that some of its franchisees paid money to Pro Fit for Forever Fit. LOA is without sufficient knowledge or information upon which to form a belief as to the truth

of the remaining allegations contained in paragraph 45 of the Third Amended Complaint and, therefore, denies the same.

46.     LOA admits that allegations set forth in paragraph 46, except to further qualify its answer by stating that, at one time, it had over 300 franchised and corporate owned clubs worldwide.

47.     Denied.

48.     LOA admits that franchises pay funds to LOA that are used in connection with marketing by franchisees.  LOA further denies all remaining allegations set forth in paragraph 48 not specifically admitted herein.

49.     LOA admits that payments were made in connection with its marketing program. LOA further denies all remaining allegations set forth in paragraph 49 not specifically admitted herein.

50.     LOA admits that it refers to certain vendors as "preferred vendors," but denies that franchisees are in any way limited as to which vendors they may select and use.  LOA further denies all remaining allegations set forth in paragraph 50 not specifically admitted herein.

51.     LOA admits that it received a copy of the Forever Fit materials.  LOA further denies all remaining allegations set forth in paragraph 51 not specifically admitted herein.

52.     Denied.

53.     Admitted.

54.     Admitted.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     LOA admits that it referred to Pro Fit as a preferred vendor. LOA further denies all remaining allegations set forth in paragraph 59 not specifically admitted herein.

60.     Denied.

61.     Denied.

62.     Denied.

63.     LOA admits that it discontinued referring to Pro Fit as a preferred vendor.  LOA further denies all remaining allegations set forth in paragraph 63 not specifically admitted herein.

## COUNT 1 – COPYRIGHT INFRINGEMENT

64.     LOA incorporates by reference its responses to Pro Fit's allegations in the preceding paragraphs as if fully restated herein.

65.     LOA admits that page 1 of TXu1-293-992 is attached as Exhibit C and that it identifies Mike Murphy as the author.  LOA is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 65 of the Third Amended Complaint and, therefore, denies the same.

66.     Admitted.

67.     LOA admits that it received FOREVER FIT materials on or about March 27, 2007, denies that it entered into a license agreement with Pro Fit, and further states that the License agreement speaks for itself.  LOA further denies all remaining allegations set forth in paragraph 67 not specifically admitted herein.

68.     LOA is without sufficient knowledge or information upon which to form a belief

as to the truth of the allegations contained in paragraph 68 of the Third Amended Complaint and, therefore, denies the same.

69.     Denied.

70.     LOA admits that it made the "Waist Away" materials available to its franchisees via the LOA Internet website, which only is available to LOA and its franchisees.  LOA further denies all remaining allegations set forth in paragraph 69 not specifically admitted herein.

71.     Denied.

72.     Denied.

## COUNT 2 – COPYRIGHT INFRINGEMENT

73. – 77.     LOA is not required to respond to this Count because it is not applicable to LOA.

## COUNT 3 – COPYRIGHT INFRINGEMENT

78. – 82.     LOA is not required to respond to this Count because it is not applicable to LOA.

## COUNT 4 – COPYRIGHT INFRINGEMENT

83. – 87.     LOA is not required to respond to this Court because it is not applicable to LOA.

## COUNT 5 – COPYRIGHT INFRINGEMENT

88. – 92.     LOA is not required to respond to this Count because it is not applicable to LOA.

## COUNT 6 – COPYRIGHT INFRINGEMENT

93. – 97.     LOA is not required to respond to this Count because it is not applicable to

LOA.

## COUNT 7 – COPYRIGHT INFRINGEMENT

98. – 102.    LOA is not required to respond to this Count because it is not applicable to LOA.

## COUNT 8 – COPYRIGHT INFRINGEMENT

103. – 107.    LOA is not required to respond to this Count because it is not applicable to LOA.

## COUNT 9 – COPYRIGHT INFRINGEMENT

108. – 112.    LOA is not required to respond to this Count because it is not applicable to LOA.

## COUNT 10 – COPYRIGHT INFRINGEMENT

103. – 117.    LOA is not required to respond to this Count because it is not applicable to LOA.

## COUNT 11 – DIGITAL MILLENNIUM COPYRIGHT ACT

118.    LOA incorporates by reference its responses to Pro Fit's allegations in the preceding paragraphs as if fully restated herein.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

## COUNT 12 – TRADEMARK INFRINGEMENT

123.    LOA incorporates by reference its responses to Pro Fit's allegations in the

preceding paragraphs as if fully restated herein.

     124.    Denied.

     125.    Denied.

     126.    Denied.

## COUNT 13 – UNFAIR COMPETITION

     127.    LOA incorporates by reference its responses to Pro Fit's allegations in the preceding paragraphs as if fully restated herein.

     128.    LOA is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 128 of the Third Amended Complaint and, therefore, denies the same.

     129.    LOA is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 129 of the Third Amended Complaint and, therefore, denies the same.

     130.    Denied.

     131.    Denied.

     132.    Denied.

     133.    Denied.

     134.    Denied.

     135.    Denied.

     136.    Denied.

     137.    Denied.

## COUNT 14 – BREACH OF CONTRACT

138.    LOA incorporates by reference its responses to Pro Fit's allegations in the preceding paragraphs as if fully restated herein.

139.    Denied.

140.    LOA admits that LOA referred to Pro Fit as a "preferred vendor."  LOA further denies all remaining allegations set forth in paragraph 140 not specifically admitted herein.

141.    LOA denies that it entered into a license agreement with Pro Fit.  LOA states that the License speaks for itself.  LOA further states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 141 of the Third Amended Complaint and, therefore, denies the same.

142.    LOA admits that it is aware that some franchisees purchased the Forever Fit materials.  LOA further states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 142 of the Third Amended Complaint and, therefore, denies the same.

143.    Denied.

144.    Denied.

145.    LOA admits that it is aware that LOA referred to Pro Fit as a "preferred vendor." LOA further denies all remaining allegations set forth in paragraph 145 not specifically admitted herein.

146.    LOA admits that its franchisees may have been aware that LOA referred to Pro Fit as a "preferred vendor."  LOA further denies all remaining allegations set forth in paragraph 146 not specifically admitted herein.

147.    LOA admits that it refers to some vendors as "preferred vendors," but denies that franchisees are in any way limited as to which vendors they may select and use.  LOA further denies all remaining allegations set forth in paragraph 147 not specifically admitted herein.

148.    LOA admits that it refers to some vendors as "preferred vendors," but denies that franchisees are in any way limited as to which vendors they may select and use.  LOA further denies all remaining allegations set forth in paragraph 148 not specifically admitted herein.

149.    Denied.

150.    Denied.

151.    LOA states that the License speaks for itself.  LOA denies that it entered into a license agreement with Pro Fit.  LOA further denies all remaining allegations set forth in paragraph 151 not specifically admitted herein.

152.    LOA states that the License speaks for itself.  LOA denies that it entered into a license agreement with Pro Fit. LOA further denies all remaining allegations set forth in paragraph 145 not specifically admitted herein.

153.    Denied.

154.    Denied.

## COUNT 15 – TORTIOUS INTERFERENCE WITH CONTRACT

155.    LOA incorporates by reference its responses to Pro Fit's allegations in the preceding paragraphs as if fully restated herein.

156.    LOA is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 156 of the Third Amended Complaint and, therefore, denies the same.

157.   Admitted.

158.   LOA states that the License speaks for itself.  LOA further denies all remaining allegations set forth in paragraph 158 not specifically admitted herein.

159.   LOA admits that it was aware of the License and states that the License speaks for itself.  LOA further denies all remaining allegations set forth in paragraph 159 not specifically admitted herein.

160.   Denied.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.

## COUNT 16 – UNFAIR COMPETITION UNDER KS COMMON LAW

168.   LOA incorporates by reference its responses to Pro Fit's allegations in the preceding paragraphs as if fully restated herein.

169.   Denied.

170.   Denied.

171.   Denied.

## COUNT 17 – VICARIOUS LIABILITY

172.   LOA incorporates by reference its responses to Pro Fit's allegations in the

13

preceding paragraphs as if fully restated herein.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

## COUNT 18 – CONTRIBUTORY LIABILITY

177.    LOA incorporates by reference its responses to Pro Fit's allegations in the preceding paragraphs as if fully restated herein.

178.    Denied.

179.    Admitted.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

## AFFIRMATIVE DEFENSES

1.    The Third Amended Complaint fails to state a claim upon which relief may be granted.

2.    LOA's actions were lawful, justified and motivated by valid and bonafide legal interests.

14

3.      To the extent Pro Fit was damaged, which LOA denies, it has failed to mitigate its damages.

4.      Pro Fit's copyright claims are barred by the fair use, scenes a faire, and merger doctrines.

5.      Pro Fit lacks standing to pursue its claims against LOA.

6.      Pro Fit's common law and statutory claims are barred by the doctrine of unclean hands.

7.      Pro Fit's common law and statutory claims are barred by applicable statutes of limitations.

8.      Plaintiff's common law and statutory claims are barred by the doctrine of laches.

9.      Plaintiffs' common law and statutory claims are barred by the equitable doctrine of estoppel.

10.     Pro Fit's common law and statutory claims are barred by the doctrine of waiver.

11.     LOA asserts that to the extent Pro Fit is awarded any damages, liability for which LOA wholly denies, that LOA is entitled to claim a set-off for the amounts owed to LOA by Pro Fit.

12.     Pro Fit has ratified the acts of which it now complains.

13.     LOA is entitled to a re-coupment of those damages that it has sustained and for all monies wrongfully charged and collected by Pro Fit.

14.     Pro Fit's materials are functional and not entitled to any protection.

15.     Pro Fit has failed to perform conditions precedent and is, thus, not entitled to bring this action.

16.     Pro Fit has knowingly and intentionally acquiesced in the alleged acts complained of, and has waived any right to now object or otherwise seek redress.

17.     Pro Fit has failed to demonstrate a common purpose or a community of interest.

**WHEREFORE,** Defendant/Counterclaim Plaintiff Lady of America Franchise Corporation denies liability to Plaintiff/Counterclaim Defendant Pro Fit Management, Inc. and prays that the Court enter judgment in its favor, ordering that Pro Fit go hence, *sine die*, and that Lady of America Franchise Corporation recover its attorneys' fees and costs incurred herein from Pro Fit, and that the Court grant Lady of America Franchise Corporation such other and further relief as the Court deems is just and proper in the premises.

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff Lady of America Franchise Corporation ("LOA"), for its counterclaim against Plaintiff/Counterclaim Defendant Pro Fit Management, Inc. d/b/a Draft Increase Solutions' ("Pro Fit"), alleges and states as follows:

### COUNT I: TRADEMARK REGISTRATION CANCELLATION

1.     Pro Fit has alleged that it holds a Federal trademark registration for and trademark rights in the mark FOREVER FIT.

2.     Prot Fit has not adequately protected and maintained control over its FOREVER FIT mark.

3.     FOREVER FIT is a common term used by many parties in connection with personal health and fitness.

4.     Pro Fit's FOREVER FIT mark is, therefore, generic and also unprotectable and, as such, it holds no valid trademark rights in the mark and its Federal trademark registration

16

should be cancelled.

**WHEREFORE,** Defendant/Counterclaim Plaintiff Lady of America Franchise Corporation prays that a judgment be entered against Plaintiff/Counterclaim Defendant Pro Fit Management, Inc., cancelling its FOREVER FIT Federal Registration Serial No. 3,533,865, and finding that Pro Fit holds no rights in its mark, for attorneys' fees and costs, and for other such relief as the Court deems just and appropriate under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Defendant/Counter-Plaintiff, Lady of America Franchise Corporation, hereby demands a trial by jury on all matters properly triable under the laws of Kansas and the United States.

Respectfully submitted,

LATHROP & GAGE, LLP
Robert O. Lesley
2345 Grand Blvd., Suite 11545
Kansas City, MO 64108
Telephone: (816) 292-2000
Facsimile: (816) 292-2001

-   and  -

ZARCO EINHORN SALKOWSKI & BRITO, P.A.
Robert Zarco, Esq.
Himanshu M. Patel, Esq.
(Admitted *pro hac* vice)
100 S.E. 2nd Street, Suite 2700
Miami, FL 33131
Phone: (305) 374-5418
Facsimile: (305) 374-5428

By: <u>s/ Himanshu M. Patel          </u>
        Himanshu M. Patel

***Attorneys for Defendant***

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day August 2010, a copy of the above and foregoing was filed with the U.S. District Court, for the District of Kansas, using the CM/ECF system with notice of electronic filing to be generated and sent to the following counsel of record:

INTELLECTUAL PROPERTY CENTER, LLC
Arthur Shaffer, Esq.
9233 Ward Parkway, Suite 100
Kansas City, MO 64114
Telephone: (816) 363-1555
Facsimile: (816) 363-1201

HOFFMAN & HERTZIG, PA
Carl H. Hoffman, Jr., Esq.
901 Ponce de Leon Blvd., Suite 500
Coral Gables, FL 33134
Telephone: (305) 445-3100
Facsimile: (305) 444-5656

***Attorneys for Plaintiff***

By: <u>s/ Himanshu M. Patel      </u>
Himanshu M. Patel

18