# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PRO FIT MANAGEMENT, INC. d/b/a DRAFT INCREASE SOLUTIONS, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | Case No. 08-CV-2662 JAR/DJW |
| LADY OF AMERICA FRANCHISE CORPORATION, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants KLP Fitness Enterprises, Inc. and Beverly A. Simonds' Motion to Stay Discovery (ECF No. 103). Defendants KLP Fitness Enterprises, Inc. and Beverly A. Simonds ask the Court to stay all discovery directed at them pending the Court's resolution of their pending motion to dismiss for lack of personal jurisdiction (ECF No. 130). For the reasons set forth below, the Motion is denied.

*Background*

This is an action for copyright infringement, trademark infringement, unfair competition, breach of contract, tortious interference with contract, and unfair competition. Plaintiff is a corporation specializing in providing advertising and marketing programs and materials for health clubs. Plaintiff contends that it developed a novel and unique marketing program under the "Forever Fit" brand, and that since 2006, Plaintiff has created, marketed, sold, and distributed Forever Fit proprietary materials to health clubs nationwide under the Forever Fit brand. Plaintiff claims that it has a federally registered trademark and service mark, "Forever Fit," Registration Serial No. 3,533,865.

According to Plaintiff, Defendant Lady of America Franchise Corporation ("LOA") owns and operates health clubs across the country and is also a franchisor, and as such, has franchises across the United States. Plaintiff contends that it sold Forever Fit programs, subject to a license, to nine LOA corporate owned franchises during 2007. Plaintiff claims that in association with the purchase of the Forever Fit program by LOA, Plaintiff provided a copy of the Forever Fit proprietary material to LOA on or about March 27, 2007. Plaintiff alleges that LOA then unlawfully copied all or a portion of Plaintiff's Forever Fit copyrighted proprietary materials, and sold and/or distributed unlawful copies of Plaintiff's Forever Fit copyrighted materials via the World Wide Web by publishing on the Internet through a website. Plaintiff further alleges that LOA, on some documents, removed Plaintiff's Forever Fit mark and affixed LOA's "Waist Away" indicia, changed the title of the document, and kept the remaining visual and/or textual elements substantially identical.

With respect to Defendants KLP Fitness Enterprises, Inc. and Beverly A. Simonds (collectively, "Defendants"), Plaintiff alleges that Defendants, without Plaintiff's permission, obtained LOA's infringing "Waist Away" materials by downloading or otherwise obtaining said materials from LOA. Plaintiff further alleges that without Plaintiff's permission, Defendants reproduced, distributed, and otherwise created unauthorized derivative works by way of use of LOA's infringing "Waist Away" materials for its own profit and advantage. Plaintiff therefore claims that Defendants have infringed Plaintiff's copyright.

Defendants have filed a motion to dismiss for lack of personal jurisdiction (ECF No. 130) and now ask that the Court stay discovery directed toward them until this motion has been resolved.[1]

---

[1] When Defendants filed their Motion to Stay Discovery (ECF No. 103) there was no pending motion to dismiss. Rather, Defendants indicated that they would be filing such a motion.
(continued...)

*Analysis*

The decision whether to stay discovery rests within the court's sound discretion and the court has broad discretion "to control and place appropriate limits on discovery."[2] It is the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending.[3] A stay may be appropriate until a pending dispositive motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[4]

The Court has reviewed the parties' respective arguments and the relevant pleadings, and has considered the relevant law, and concludes that Defendants' Motion should be denied. The Court finds that discovery sought by Plaintiff may in fact affect the Court's resolution of the pending motion to dismiss. Indeed, there are sufficient factual issues raised in the pleadings that discovery should not be stayed pending resolution of the pending motion to dismiss.

---

[1](...continued)
Defendants eventually filed their first motion to dismiss for lack of personal jurisdiction (ECF No. 106) a few days before their Motion to Stay Discovery became ripe. However, their first motion to dismiss was deemed moot in light of the fact that Plaintiff was granted leave to file a Third Amended Complaint and that Defendants has already filed a second motion to dismiss the Third Amended Complaint on the same grounds (see Order (ECF No. 138)). Defendants' second motion to dismiss for lack of personal jurisdiction (ECF No. 130) is still pending.

[2] *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990) (citation omitted).

[3] *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[4] *Id.*

**IT IS THEREFORE ORDERED** that Defendants KLP Fitness Enterprises, Inc. and Beverly A. Simonds' Motion to Stay Discovery (ECF No. 103) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 22nd day of October 2010.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc: All counsel and *pro se* parties