**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| PRO FIT MANAGEMENT, INC. <br> d/b/a DRAFT INCREASE SOLUTIONS, <br> <br> Plaintiff, <br> <br> v. <br> <br> LADY OF AMERICA FRANCHISE <br> CORPORATION, et al., <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION <br> <br> Case No. 08-CV-2662 JAR/DJW |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant Lady of America Franchise Corporation's and Non-Party Peter J. Vandenberg, Jr.'s Motion for Protective Order and/or Motion to Quash the Subpoena Duces Tecum Issued to Peter J. Vandenberg, Jr. (ECF No. 125), and Plaintiff's Motion for Leave to File Surreply in Opposition to Motion for Protective Order of Defendant Lady of America and Non-Party Peter Vandenberg (ECF No. 147). For the reasons set forth below, the Motion for Protective Order is denied without prejudice, and Plaintiff's Motion for Leave to File Surreply is deemed moot.

**I. BACKGROUND**

Plaintiff brings this action against Defendant Lady of America Franchise Corporation ("Defendant") and several franchisees of Defendant alleging (1) copyright infringement under 17 U.S.C. § 101 *et seq.*, (2) violation of the Digital Millennium Copyright Act under 17 U.S.C. § 1201 *et seq.*, (3) trademark infringement under 15 U.S.C. §§ 1114 and 1125(a), (4) unfair competition arising under § 43 of the Lanham Act, 15 U.S.C. § 1125, (5) breach of contract under the common law of the State of Kansas, (6) tortious interference with contract under the common law of the State

of Kansas, and (7) unfair competition under the common law of the State of Kansas. Stated generally, Plaintiff alleges that Defendant and its franchisees unlawfully used Plaintiff's "Forever Fit" proprietary materials, for which Plaintiff holds copyrights and a registered trademark. According to Plaintiff, Defendant copied Plaintiff's Forever Fit program and sold and distributed the program to Defendant's franchisees. Plaintiff also alleges that it became an authorized preferred vendor for Defendant and its franchisees, and that it offered its Forever Fit proprietary materials to Defendant and Defendant's franchisees subject to a license agreement, which specifically stated that unauthorized copying or distribution of the Forever Fit proprietary materials was not permitted. Plaintiff claims that Defendant breached the license agreement by copying, distributing and making derivative works based on Plaintiff's copyrighted work.

This matter is before the Court on a dispute concerning Plaintiff's Amended Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena") served on non-party Peter J. Vandenberg, Jr.[1] The Subpoena was issued by the United States District Court for the Southern District of Florida, and demands that Vandenberg appear to testify and produce the following documents:

> All Certificates of Incorporation, Articles of Incorporation, By-Laws, Minutes of the board of directors and/or committees of the board of directors, Stock Books, Stock Transfer Ledgers, Corporate Reports, and all other corporate records that reflect the corporate status and/or corporate activities of Lady of America Franchise Corporation during the period from January 1, 2005, to date.[2]

---

[1] Am. Subpoena to Testify at a Dep. in a Civil Action, attached as Ex. A. to Def. Lady of America Franchise Corporation's and Non-Party Peter J. Vandenberg, Jr.'s Mot. for Protective Order and/or Mot. to Quash the Subpoena Duces Tecum Issued to Peter J. Vandenberg, Jr. (ECF No. 125).

[2] *Id.*

Defendant and Vandenberg ask the Court to enter a protective order and to quash the Subpoena, thereby prohibiting Plaintiff from obtaining the requested testimony and documents from Vandenberg.

In support of their request, Defendant and Vandenberg point out that Vandenberg is not a party to this action, he is not a current or former employee of Defendant, he is not involved in the day-to-day operation of Defendant, he has no involvement in the marketing and advertising materials that Defendant disseminates to its franchisees, he does not have any personal knowledge regarding the claims and defenses of the parties in this case, and he does not possess any of Defendant's corporate records. Vandenberg states he is an uncompensated member of Defendant's Board of Directors. Vandenberg also states that he is currently a partner for Trivest Partners, L.P., an entity that is not a party to this litigation.

Plaintiff asks the Court to deny the Motion for a Protective Order. Plaintiff claims that the subpoenaed documents will show that a company with the name "Trivest"[3] had the right to supervise Defendant's activities, that Trivest did exercise its right to supervise Defendant's activities, that Trivest has a direct financial interest in those activities, and that Trivest enjoyed a direct financial benefit from Defendant's infringing activities. Plaintiff thus argues, "Hence, 'Trivest' is believed to be liable for vicarious infringement. A key witness to establish these facts is Peter Vandenberg."[4]

---

[3] It appears that Plaintiff is not certain of the exact name of the company, but believes that its name does include the word "Trivest."

[4] Pl.'s Resp. in Opp'n to Mot. for Protective Order of Def. Lady of America and Non-Party Peter Vandenberg (ECF No. 134) at 6.

3

## II. DISCUSSION

Defendant, Vandenberg, and Plaintiff focus their arguments on why the Court should, or should not, enter a protective order under Fed. R. Civ. P. 26(c), and quash the Subpoena under Fed. R. Civ. P. 45. In so arguing, they assume that this Court has jurisdiction to entertain the Motion for a Protective Order even though the Subpoena was issued from the United States District Court for the Southern District of Florida. This Court addressed the issue of whether it has jurisdiction to rule on a motion for a protective order directed at a subpoena issued from another jurisdiction in *Rajala v. McGuire Woods, LLP*.[5]

In *Rajala*, the plaintiff sought a protective order under Fed. R. Civ. P. 26(c) prohibiting the defendant from obtaining documents from non-party Kirkland & Ellis, LLP pursuant to a subpoena issued by the United States District Court for the Northern District of Illinois. As noted in *Rajala*, Fed. R. Civ. P. 45 governs subpoenas. Under Fed. R. Civ. P. 45(c)(3)(A), "[o]n timely motion, the *issuing court* must quash or modify a subpoena" under certain circumstances.[6] Courts have thus uniformly held that only the issuing court has the authority to quash or modify a subpoena. "This is the rule because subpoenas issued under Rule 45 constitute process of the issuing court, and are

---

[5] Civ. A. No. 08-2638-CM-DJW, 2010 WL 4683979 (D. Kan. Nov. 12, 2010).

[6] Fed. R. Civ. P. 45(c)(3)(A) (emphasis added).

enforced by that same court."⁷  "Accordingly, the court in which the action is filed lacks jurisdiction to rule on subpoenas issued from other courts."⁸

On the other hand, motions for protective order are governed by Fed. R. Civ. P. 26(c), which provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending."⁹  It further provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and that such an order may forbid the discovery, specify the terms under which the discovery may be had, or prescribe a different method of discovery than the one selected by the party seeking the discovery.¹⁰

Applying these rules, this Court concluded in *Rajala* that it did not have the authority or jurisdiction under Fed. R. Civ. P. 45(c)(3) to entertain a motion to quash or modify a subpoena issued from another court.  The Court concludes that the same is true in this case with respect to the Subpoena issued by the United States District Court for the Southern District of Florida.  This does not, however, end the Court's inquiry, where, as is the case here, the moving party seeks a protective

---

⁷ *Rajala*, 2010 WL 4683979, at *3 (citing *Jennings v. Short-Elliott-Hendrickson, Inc.*, Civ. A. No. 05-cv-01056-LTB-MEH, 2007 WL 2045497, at *1 (D. Colo. July 10, 2007)) (citations and quotations omitted).

⁸ *Id.* (citing *In re Digital Equip. Corp.*, 949 F.2d 228, 231 (8th Cir. 1991); *Davis Audio Visual, LLC v. Greer*, Civ. A. No. 09-cv-00175-ZLW-MEH, 2009 WL 1537892, at *2 (D. Colo. May 28, 2009)).

⁹ Fed. R. Civ. P. 26(c)(1).

¹⁰ *Id.*

order under Fed. R. Civ. P. 26(c) that would have the effect of quashing or modifying a subpoena issued from another district. As this Court held in *Rajala*:

> Notwithstanding the Rule 45(c)(3) principle that the district court which issues the subpoena has the exclusive authority to rule on motions to quash or modify the subpoena, this Court has the authority and responsibility to control the broad outline and scope of discovery in the case. Thus, when a party files a motion for protective order in this Court that would have the effect of quashing or modifying a subpoena issued from another district, this Court may entertain that motion where (1) the issues raised are central to the case and extend beyond the specifics of the particular subpoena, and (2) the requested ruling is necessary to insure that general discovery issues will receive uniform treatment, regardless of the district in which the discovery is pursued.[11]

The Court further held in *Rajala* "that the party who files the motion for protective order must bear the burden to show why this Court should depart from the general rule of not exercising jurisdiction over subpoenas issued from other jurisdictions and to persuade the Court why it is necessary for the Court to entertain the motion for protective order to control the broad outline and scope of discovery."[12]

Defendant and Vandenberg do not attempt to explain why this Court should depart from the general rule of not exercising jurisdiction over subpoenas issued from other jurisdictions. Thus, the Court is not persuaded as to why it is necessary to entertain the Motion for a Protective Order. However, because the issue of the Court's jurisdiction was not discussed at all by Defendant, Vandenberg, or Plaintiff, the Court will deny the Motion for a Protective Order without prejudice to refiling to include an explanation of why this Court should entertain a motion for a protective order under Fed. R. Civ. P. 26(c) directed at the Subpoena.

---

[11] *Rajala*, 2010 WL 4683979, at * 7.

[12] *Id.*

Having denied the Motion for Protective Order without prejudice, the Court finds Plaintiff's motion seeking leave to file a surreply to the Motion for Protective Order to be moot.

**IT IS THEREFORE ORDERED** that Defendant Lady of America Franchise Corporation's and Non-Party Peter J. Vandenberg, Jr.'s Motion for Protective Order and/or Motion to Quash the Subpoena Duces Tecum Issued to Peter J. Vandenberg, Jr. (ECF No. 125) is denied without prejudice to refiling to include an explanation of why this Court should entertain a motion for a protective order under Fed. R. Civ. P. 26(c) directed at the Subpoena. If Defendant and Vandenberg decide to file such a motion, it shall be filed **within 20 days** of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Surreply in Opposition to Motion for Protective Order of Defendant Lady of America and Non-Party Peter Vandenberg (ECF No. 147) is deemed moot.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 25th day of February 2011.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties