# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PRO FIT MANAGEMENT, INC. <br> d/b/a DRAFT INCREASE SOLUTIONS, <br>   <br> Plaintiff, <br>   <br> v. <br>   <br> LADY OF AMERICA FRANCHISE <br> CORPORATION, et al., <br>   <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION <br>   <br> Case No. 08-CV-2662 JAR/DJW |

## MEMORANDUM AND ORDER

Pending before the Court are (1) Defendant's Motion to Bifurcate Liability and Damages (ECF No. 160) filed by Defendant Lady of America Franchise Corporation ("Defendant"), (2) Plaintiff's Motion to File Out of Time Response (ECF No. 169), and (3) Plaintiff's Motion for Leave to File Supplemental Memorandum in Opposition to Defendant's Motion to Bifurcate and Supporting Memorandum (ECF No. 173). For the reasons set forth herein, Plaintiff's Motion to File Out of Time Response is granted, Defendant's Motion to Bifurcate is denied, and Plaintiff's Motion For Leave to File Supplemental Memorandum is deemed moot.

## I.  BACKGROUND

Plaintiff brings this action against Defendant and several franchisees of Defendant alleging (1) copyright infringement under 17 U.S.C. § 101 *et seq.*, (2) violation of the Digital Millennium Copyright Act under 17 U.S.C. § 1201 *et seq.*, (3) trademark infringement under 15 U.S.C. §§ 1114 and 1125(a), (4) unfair competition arising under § 43 of the Lanham Act, 15 U.S.C. § 1125, (5) breach of contract under the common law of the State of Kansas, (6) tortious interference with contract under the common law of the State of Kansas, and (7) unfair competition under the common law of the State of Kansas. Stated generally, Plaintiff alleges that Defendant and its franchisees

unlawfully used Plaintiff's "Forever Fit" proprietary materials, for which Plaintiff holds copyrights and a registered trademark. According to Plaintiff, Defendant copied Plaintiff's Forever Fit program and sold and distributed the program to Defendant's franchisees. Plaintiff also alleges that it became an authorized preferred vendor for Defendant and its franchisees, and that it offered its Forever Fit proprietary materials to Defendant and Defendant's franchisees subject to a license agreement, which specifically stated that unauthorized coping or distribution of the Forever Fit proprietary materials was not permitted. Plaintiff claims that Defendant breached the license agreement by copying, distributing and making derivative works based on Plaintiff's copyrighted work.

On November 22, 2010, Defendant filed its Motion to Bifurcate, seeking an order from this Court bifurcating the issues of liability and damages under Fed. R. Civ. P. 42(b). Plaintiff did not file a response to the Motion to Bifurcate until December 13, 2010. In its reply brief, Defendant argued, *inter alia*, that Plaintiff's response was untimely and should not be considered by the Court. Thus, on December 30, 2010, Plaintiff filed its Motion to File Out of Time Response, seeking leave from this Court to file its response to Defendant's Motion to Bifurcate out of time.

In addition, on February 16, 2011, Plaintiff filed its Motion for Leave to File Supplemental Memorandum, seeking leave to file a supplemental memorandum and thereby provide the Court with additional information in opposition to Defendant's Motion to Bifurcate.

## II. DISCUSSION

### A. Timeliness

It is undisputed that Plaintiff's response to Defendant's Motion to Bifurcate is untimely. Under D. Kan. Rule 6.1(d)(1), Plaintiff had 14 days to serve and file its response brief. Thus,

2

Plaintiff had until December 6, 2010 to file a response brief. Plaintiff did not file its response brief until December 13, 2010.

Plaintiff, through its Motion to File Response Out of Time, seeks leave of the Court to file its response brief out of time. In support of its request, Plaintiff points to D. Kan. Rule 7.4(b), which provides, "Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum." In determining whether the excusable neglect standard is met, courts should consider all relevant circumstances, including (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.[1] While excusable neglect is a "somewhat elastic concept," "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect."[2] "Control over the circumstances of the delay is a very important factor – perhaps the most important single factor in determining whether neglect is excusable."[3]

In *Zhu v. St. Francis Health Center*,[4] the defendants filed their reply brief more than two weeks late and without leave of court. The defendants claimed they filed their reply brief late

---

[1] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[2] *Id.* at 392 (internal quotations and citations omitted).

[3] *Zhu v. St. Francis Health Center*, 413 F. Supp. 2d 1232, 1241 n.5 (D. Kan. 2006).

[4] *Id.*

3

because "it was overlooked prior to final review."[5] The court took into consideration the factors identified above, and found that the delay was entirely within the defendants' counsel's control. However, the district court further concluded that the delay caused no prejudice to the plaintiff, there was no material delay of the proceedings, and there was no reason to believe the defendants or their counsel acted in bad faith. The court thus concluded, "because the delay was relatively short and occasioned no prejudice to opposing parties or the judicial process, the Court will not disregard defendants' reply brief."[6]

Here, as in *Zhu*, Plaintiff claims that its response brief was filed late "due to oversight, as plaintiff originally responded in the time compliant with the time provision with regard to dispositive motions rather than for non-dispositive motions."[7] The Court finds that this delay was entirely within the control of Plaintiff's counsel. However, the Court finds no prejudice to Defendant and no material delay of the proceedings. Plaintiff filed the response only one week out of time and the delay did not interfere with the judicial proceedings. In addition, there is no reason to believe Plaintiff or its counsel acted in bad faith. Thus, because the delay was short and there was no prejudice to Defendant or the judicial process, the Court will not disregard Plaintiff's response brief. The Court thus grants Plaintiff's Motion to File Out of Time Response, and the Court will therefore consider Plaintiff's response brief which was filed on December 13, 2010.

---

[5] *Id.*

[6] *Id.*

[7] Pl.'s Mot. to File Out of Time Resp. (ECF No. 169) at 2.

4

### B. Motion to Bifurcate

Defendant moves the Court, under Fed. R. Civ. P. 42(b), to bifurcate the issues of liability and damages in this action for the purposes of discovery and trial. Under Fed. R. Civ. P. 42(b), the court may order separate trials of one or more separate issues for "convenience, to avoid prejudice, or to expedite and economize."[8] The court has broad discretion in determining whether to sever issues at trial.[9] "Generally, 'the party seeking bifurcation has the burden of showing that separate trials are proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience.'"[10]

Defendant asks that the Court first proceed with a determination on liability before allowing Plaintiff to proceed with discovery on damages. Defendant argues that bifurcation of liability and damages will serve the interests of convenience, judicial economy, and fairness. Defendant claims that bifurcation is appropriate because Plaintiff's federal and state law claims will require extensive discovery to prove liability alone. Plaintiff opposes bifurcation on the grounds that the issues of liability and damages are intertwined, and thus cannot be separated. Plaintiff argues that because damages are required elements of Plaintiff's contract and tort based claims, the issue of liability cannot be separated from the issue of damages.

---

[8] Fed. R. Civ. P. 42(b).

[9] *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993) ("The trial court has considerable discretion in determining how a trial is to be conducted. [] We therefore will not disturb the trial court's bifurcation order absent an abuse of discretion.") (internal citations omitted).

[10] *Belisle v. BNSF Ry. Co.*, 697 F. Supp. 2d 1233, 1250 (D. Kan. 2010) (quoting *Pulsecard, Inc. v. Discover Card Servs., Inc.*, Civ. A. No. 94-2304-EEO, 1995 WL 769174, at *1 (D. Kan. Dec. 21, 1995)).

Having considered the parties' numerous arguments, the Court finds that bifurcation at this stage is not warranted. The Court is not convinced by Defendant's arguments that the issues of liability and damages are separable in this case. In fact, Defendant points out in its own Motion to Bifurcate that the elements for a breach of contract claim and a claim for tortious interference with a contract *include* demonstrating damages.[11] Furthermore, the Court is not convinced that requiring the issue of liability to be decided before allowing discovery to be conducted on the issue of damages will lessen the delay of this matter or be more convenient to the Court or the parties. This action was filed in December of 2008, and discovery is ongoing. The Court sees no reason why it should now prohibit discovery into the issue of damages. Rather, the Court finds that continuing with discovery on all issues at this point in time would tend to lesson the delay, and will serve the interests of judicial economy and fairness.

As to whether the issues of liability and damages should be bifurcated for the purposes of trial, the Court determines that the issue of bifurcation for trial should be determined by the District Judge and therefore denies this request without prejudice, to be raised by Defendant (or any of the parties) closer to the trial date in this case.

Finally, having denied Defendant's Motion to Bifurcate, the Court finds Plaintiff's Motion for Leave to File Supplemental Memorandum in Opposition to Defendant's Motion to Bifurcate to be moot.

---

[11] *See Sw. Stainless, L.P. v. Sappington*, No. 07-cv-0334-CVE-FHM, 2008 WL 1777476, at *6 (N. D. Okla. April 17, 2008) (denying the request to bifurcate the issues of liability and damages on the grounds that the issues could not be separated because damages are a required element of the plaintiff's contract and tort-based claims).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to File Out of Time Response (ECF No. 169 ) is granted. The Court will consider Plaintiff's response brief filed on December 13, 2010.

**IT IS FURTHER ORDERED** that Defendant's Motion to Bifurcate Liability and Damages (ECF No. 160) is denied as to Defendant's request to prohibit discovery on the issue of damages until the Court has determined the issue of liability. However, as to whether the issues of liability and damages should be bifurcated for the purposes of trial, the Court denies this request without prejudice, to be raised by Defendant (or any of the parties) closer to the trial date in this case

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Supplemental Memorandum in Opposition to Defendant's Motion to Bifurcate and Supporting Memorandum (ECF No. 173) is deemed moot.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 25th day of February 2011.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties