**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **PRO FIT MANAGEMENT, INC.** | ) | |
| **d/b/a DRAFT INCREASE SOLUTIONS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **Case No. 08-CV-2662 JAR/DJW** |
| | ) | |
| **LADY OF AMERICA FRANCHISE** | ) | |
| **CORPORATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Renewed First Motion to Compel Discovery and Supporting Memorandum of Law (ECF No. 119). For the reasons set forth herein, Plaintiff's Renewed Motion is granted in part and denied in part.

## I.    BACKGROUND

Plaintiff brings this action against Defendant Lady of America Franchise Corporation ("Defendant") and several franchisees of Defendant alleging (1) copyright infringement under 17 U.S.C. § 101 *et seq.*, (2) violation of the Digital Millennium Copyright Act under 17 U.S.C. § 1201 *et seq.*, (3) trademark infringement under 15 U.S.C. §§ 1114 and 1125(a), (4) unfair competition arising under § 43 of the Lanham Act, 15 U.S.C. § 1125, (5) breach of contract under the common law of the State of Kansas, (6) tortious interference with contract under the common law of the State of Kansas, and (7) unfair competition under the common law of the State of Kansas.  Stated generally, Plaintiff alleges that Defendant and its franchisees unlawfully used Plaintiff's "Forever Fit" proprietary materials, for which Plaintiff holds copyrights and a registered trademark. According to Plaintiff, Defendant copied Plaintiff's Forever Fit program and sold and distributed the program to Defendant's franchisees.  Plaintiff also alleges that it became an authorized preferred

vendor for Defendant and its franchisees, and that it offered its Forever Fit proprietary materials to Defendant and Defendant's franchisees subject to a license agreement, which specifically stated that unauthorized coping or distribution of the Forever Fit proprietary materials was not permitted. Plaintiff claims that Defendant breached the license agreement by copying, distributing and making derivative works based on Plaintiff's copyrighted work.

Plaintiff's Renewed Motion concerns its First Request for Production served on Defendant. Plaintiff filed its first motion to compel Defendant to respond to certain document requests from its First Request for Production on December 31, 2009. However, after reviewing the parties' briefing, it was apparent to the Court that at least some of the discovery issues initially raised were no longer disputed, and that new issues had arisen due to Defendant's amended responses submitted after the motion was filed. Thus, after concluding that the motion was timely and concluding that Plaintiff's counsel made a reasonable effort to confer with Defendant's counsel before filing the motion, the Court denied Plaintiff's motion without prejudice. The Court instructed Plaintiff to file a renewed motion to compel that clearly and concisely discussed the remaining discovery disputes between the parties. Plaintiff thus filed its Renewed Motion, which is now before the Court.

Plaintiff, through its Renewed Motion, seeks to compel Defendant to respond fully and without objection to Document Request Nos. 18, 19, 38, 52, 61, 65, and 66.[1] The Court will address

---

[1] Although Plaintiff's Renewed Motion contains a request that the Court compel Defendant to respond to Document Request Nos. 27 and 28, it appears that Plaintiff has abandoned this request. Defendant pointed out in its response brief that Plaintiff did not include Document Request Nos. 27 and 28 in its first motion to compel. Defendant therefore argued that Plaintiff's attempt to now compel responses to Document Request Nos. 27 and 28 in its Renewed Motion is untimely. Plaintiff never responded to this argument in its reply brief. Instead, Plaintiff simply did not discuss or make any request concerning Document Request Nos. 27 and 28 in its reply brief. It thus appears that Plaintiff abandoned its request to compel responses to Document Request Nos. 27 and 28. In
(continued...)

each of these requests in turn.

## II.    DOCUMENT REQUEST NOS. 18 & 19

Document Request No. 18 seeks "[a]ll LOAFC accounting records and all other documents and things that concern, relate or refer to YOUR financial performance at any time during the period from January 1, 2005, to date."[2] Document Request No. 19 seeks "[a]ll LOAFC ledgers and journals that contain entries relating to franchisee dealings."[3] Defendant has submitted amended responses to several of Plaintiff's document requests, including Document Request Nos. 18 and 19. Defendant, in its amended responses, objected to both requests on the grounds that they are overly broad, unduly burdensome, seek irrelevant documents, and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant then responded, "Subject to and without waiving these objections, LOA states that all documents responsive to this request that are in its possession, custody and control have already been made available for Plaintiff's inspection and photocopying. For example, LOA refers Plaintiff to documents bates-numbered LOA000553-LOA000595 and LOA00001732-LOA001776."[4] Defendant claims that the documents produced are its audited financial statements for the years 2003, 2004, 2005, 2006, 2007 and unaudited financial statements

---

[1](...continued)
addition, the Court agrees with Defendant that any request to compel responses to Document Request Nos. 27 and 28 in Plaintiff's Renewed Motion is untimely. The Court therefore need not and will not address Document Request Nos. 27 and 28.

[2] Pl.'s Renewed First Mot. to Compel Disc. and Supporting Mem. of Law (ECF No. 119) at 3.

[3] *Id.* at 5.

[4] *Id.* at 3 and 5.

through March 2008.  According to Defendant, these documents fully reflect Defendant's financial position.

Plaintiff seeks an order compelling Defendant to fully and completely respond to Document Request Nos. 18 and 19.  According to Plaintiff, Defendant has not, as it claims, produced *all* documents responsive to Document Request Nos. 18 and 19.  Plaintiff argues that it is entitled to Defendant's complete and detailed financial and accounting information, not just the financial statements produced by Defendant.

In its response to Plaintiff's Renewed Motion, Defendant argues that it has already produced responsive documents to Document Request Nos. 18 and 19.  In addition, Defendant appears to argue that any other documents sought by Plaintiff in response to Document Request Nos. 18 and 19, such as detailed financial and accounting documents, are not relevant.  Defendant does not, however, assert its objections that Document Request Nos. 18 and 19 are overly broad or unduly burdensome.  The Court therefore deems these objections abandoned.[5]  The Court will therefore only consider Defendant's argument that it has already produced responsive documents, and its objection that the additional documents sought by Plaintiff are not relevant.

---

[5] When ruling on a motion to compel, the Court will consider only those objections that have been timely asserted and then relied upon in response to the motion to compel. *See Moses v. Halstead*, 236 F.R.D. 667, 672 n.8 (D. Kan. 2006); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 n.15 (D. Kan. 2005).  Objections initially raised but not relied upon in a response to a motion to compel will be deemed abandoned. *See Moses*, 236 F.R.D. at 672 n.8; *Cardenas*, 232 F.R.D. at 380 n.15.

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . .."[6] Relevancy is broadly construed during the discovery phase, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[7] When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[8] Conversely, when the relevancy of the requested discovery is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.[9]

The Court has reviewed Document Request Nos. 18 and 19 and concludes that the discovery sought appears relevant on its face. Plaintiff is pursing claims of copyright infringement, trademark infringement, unfair competition, breach of contract, tortious interference with contract, and unfair competition. The financial information sought by Document Request Nos. 18 and 19 appears relevant to determine the amount of Defendant's profits that may be attributable to its alleged infringement. In addition, the requested financial information appears relevant to Plaintiff's

---

[6] Fed. R. Civ. P. 26(b)(1).

[7] *Cardenas*, 232 F.R.D. at 382; *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004).

[8] *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006); *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

[9] *Johnson*, 238 F.R.D. at 653; *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

damages claims in this case, including Defendant's profits, costs and expenses associated with the allegedly infringing material. Further, the requested financial information appears relevant to Plaintiff's claim for punitive damages associated with its unfair competition claim. The burden is therefore on Defendant to establish why the requested financial information does not come within the broad scope of relevance, or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[10]

Defendant argues that it has already produced the relevant financial information responsive to Document Request Nos. 18 and 19 and that the additional information requested by Plaintiff, namely Defendant's detailed accounting records, including Defendant's ledgers and journal entries pertaining to Defendant's dealings with all of its franchisees, is not relevant. In support of this argument, Defendant claims that Plaintiff does not need this detailed financial information in order to establish damages under the copyright infringement statute. According to Defendant, "[t]he copyright infringement statute provides that '[i]n establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenues, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.'"[11] Thus, Defendant argues that, under the copyright infringement statute, Plaintiff is only required to present proof of Defendant's gross revenues, as opposed to the amount of Defendant's alleged profits. According to Defendant, the documents it has already produced to Plaintiff adequately demonstrate Defendant's gross revenues, and thus Plaintiff has no

---

[10] *Johnson*, 238 F.R.D. at 653; *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

[11] Def.'s Mem. of Law in Opp'n to Pl.'s First Mot. to Compel Disc. (ECF No. 126) at 3 (quoting 17 U.S.C. § 504(b)).

need for any additional, detailed financial documents. Defendant therefore argues that the additional detailed financial information sought by Plaintiff is not relevant to the claims or defenses in this case. Defendant also argues that there is no evidence that Defendant made any profit from any alleged infringement of Plaintiff's proprietary materials, and Plaintiff has not yet produced any documents reflecting Plaintiff's actual damages suffered by it as a result of the alleged infringement. Defendant therefore asks the Court to deny Plaintiff's motion to compel it to respond more fully to Document Request Nos. 18 and 19.

The Court has considered Defendant's arguments and concludes that Defendant has not demonstrated why the information sought by Document Request Nos. 18 and 19 is not relevant to the claims and defenses in this case. Relevancy is broadly construed during the discovery phase, and Defendant has not shown that the detailed financial information requested by Plaintiff has no possibility of being relevant to the claim or defense of any party.[12] Indeed, it appears to the Court that the information sought would certainly be relevant to Defendant's expenses, which could be used at trial by Defendant to minimize its profits and thereby decrease the size of any award to Plaintiff. As Defendant points out, under the copyright infringement statute, "the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work."[13] Just because Plaintiff does not bear the burden of establishing Defendant's expenses or profits attributable to factors other than the copyrighted work does not mean that this

---

[12] *Cardenas*, 232 F.R.D. at 382; *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004).

[13] 17 U.S.C. § 504(b).

information is not relevant or discoverable by Plaintiff.  Rather, Fed. R. Civ. P. 26(b) makes it clear that discoverable information includes information that is relevant to *any* party's claims or defenses, not just the claims or defenses of the party seeking the information.[14]

Having considered the parties' numerous arguments, the Court concludes that the detailed financial information sought by Plaintiff is relevant, and Defendant has not yet produced all of this information to Plaintiff.  The Court thus grants Plaintiff's Renewed Motion with respect to Document Request Nos. 18 and 19.

## III.    DOCUMENT REQUEST NO. 38

Document Request No. 38 seeks "[a]ll payroll records, employee lists, rosters and other such DOCUMENTS which show the names, positions, addresses and/or telephone numbers of LOAFC officers and employees during the period of January 1, 2005, to date."[15]  Defendant, in its amended response to Document Request No. 38, objected to the "request on the grounds that it is overly broad, seeks confidential and irrelevant documents, and is not reasonably calculated to lead to the discovery of admissible evidence.  The requested information will not prove or disprove any fact of consequence in this litigation."[16]  Defendant then responded, "Subject to and without waiving the foregoing objections, LOA states that documents responsive to this request that are in its possession, custody and control have already been made available for Plaintiff's inspection and photocopying.

---

[14] Fed. R. Civ. P. 26(b)(1).

[15] Pl.'s Renewed First Mot. to Compel Disc. and Supporting Mem. of Law (ECF No. 119) at 9.

[16] Def.'s Second Am. Resps. and Objections to Pl.'s First Request for Prod. at 20, attached as Ex. 1 to Pl.'s Renewed First Mot. to Compel Disc. and Supporting Mem. of Law (ECF No. 119).

For example, LOA refers Plaintiff to documents bates-numbered LOA000346 - LOA000347."[17] Plaintiff now seeks an order requiring Defendant to fully respond to Document Request No. 38. The Court will examine each of Defendant's objections in turn.

### A. Relevancy

As noted above, relevancy is broadly construed during the discovery phase, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[18] However, the Court concludes that the relevancy of the information requested by Document Request No. 38 is not readily apparent. It is not clear how the requested employee information for all of Defendant's employees and officers from January 1, 2005 to present is relevant to any of the claims or defenses in this action. Thus, Plaintiff, as the party seeking the discovery, has the burden to show the relevancy of Document Request No. 38.[19]

Plaintiff explains that the purpose of Document Request No. 38 is to discover the identity of all potential witnesses who may have knowledge of Defendant's infringing conduct and the circumstances surrounding that conduct. Plaintiff contends that, based on Defendant's alleged blatant copying of Plaintiff's materials and the alleged deliberate removal of Plaintiff's copyright notice, many, if not all, of Defendant's employees and officers have information regarding the alleged infringement. Plaintiff therefore argues that it needs to contact Defendant's current and former employees and officers to ascertain the level of knowledge of each employee and officer.

---

[17] *Id.*

[18] *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

[19] *Johnson*, 238 F.R.D. at 653; *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

According to Plaintiff, Document Request No. 38 seeks information concerning the names of such employees and officers, their job description, function and other information, which will enable Plaintiff to determine which employees and officers Plaintiff should depose. Plaintiff further argues that the request is not overly broad because Defendant currently has only ten employees, and that Defendant had approximately twenty employees in 2005.

The Court finds that Plaintiff has established the relevance of the information requested in Document Request No. 38. Considering the number of Defendant's employees and the fact that Plaintiff alleges Defendant blatantly infringed its materials, the Court concludes that there is a possibility that the information sought by Plaintiff may be relevant to the claims and defenses in this action. The Court thus overrules Defendant's relevance objection, and turns to Defendant's remaining objections of confidentiality and overbreath.

## B.      Confidentiality

Defendant appears to argue that Document Request No. 38 seeking confidential personnel files and thus Plaintiff's request raises privacy concerns. However, the Court notes that Document Request No. 38 does not seek personnel files, but rather seeks information which may be contained in personnel files. The fact that information is contained in a personnel file does not, in and of itself, make that information confidential.

Moreover, the fact that the requested information may be confidential does not make it privileged.[20] Thus, Defendant's confidentiality objection does not shield the requested employee

---

[20] *See Doebele v. Sprint Corp.*, No. 00-2053-KHV, 2001 WL 1718259, at *7 (D. Kan. June 5, 2001).

and officer information from discovery.[21]  "Although information is not shielded from discovery on the sole basis that the information is confidential, a party may request the court enter a protective order pursuant to Fed. R. Civ. P. 26(c) as a means to protect such confidential information."[22]  Here, the Court notes that a Stipulated Protective Order (ECF No. 28) has already been entered in this case, which protects the confidentiality of certain documents and information produced in this case. The Court therefore overrules Defendant's confidentiality objection.

### C.    Overly Broad

Defendant also appears to argue that Document Request No. 38 is overly broad on its face. The Court agrees that Document Request No. 38, which seeks *all* payroll records, employee lists, and rosters for *all* of Defendant's employees and officers from January 1, 2005, to date does appear overly broad on its face.  Thus, Plaintiff has the burden to show how Document Request No. 38 is not overly broad and seeks relevant information.[23]  The Court finds that Plaintiff has satisfied this burden.  Plaintiff points out that according to Defendant's president, Defendant only had twenty or so employees in 2005, and currently has approximately ten employees.  Thus, the request is not overly broad.  In addition, the Court has already concluded that the information sought in Document Request No. 38 is relevant.  The Court thus overrules Defendant's overly broad objection.

Having overruled all of Defendant's objections to Document Request No. 38, the Court grants Plaintiff's Renewed Motion with respect to Document Request No. 38.

### IV.    DOCUMENT REQUEST NO. 52.

---

[21] *Id.*

[22] *Id.*

[23] *See Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 626 (D. Kan. 2005).

Document Request No. 52 seeks "[a]ll backup tapes containing e-mail and other electronically stored information related to this action during the period of January 1, 2005 to date."[24] Defendant amended its response to Document Request No. 52 several times. Defendant initially objected to the request on the grounds that it is "overly broad, seeks confidential and irrelevant information, and seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine."[25] Defendant further objected to Document Request No. 52 "on the grounds that the term 'related to this action' is vague and ambiguous, as LOA cannot known what Plaintiff believes is 'related to this action.'"[26] Defendant then responded that subject to its objections, it would make available "materially relevant back-up tapes" for inspection and copying by Plaintiff.[27]

Defendant then amended its response to Document Request No. 52. Defendant asserted the same objections, but then responded that, subject to its objections and assuming that it understands what Plaintiff believes is "related to this action," Defendant possesses no such back-up tapes.[28]

_____

[24] Pl.'s Renewed First Mot. to Compel Disc. and Supporting Mem. of Law (ECF No. 119) at 10.

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.*

Finally, Defendant amended its response to Document Request No. 38 a third time. This time Defendant did not assert any objections, but simply responded, "[N]o items responsive to this request exist."[29]

Plaintiff now seeks an order compelling Defendant to respond to Document Request No. 52. Plaintiff argues that although in its last response Defendant stated that no items responsive to this request exist, Defendant's president testified at his deposition that such back-up tapes do exist and Defendant's director of marketing testified at her deposition that she regularly assembled and electronically published and stored Defendant's newsletters for its franchisees. Plaintiff therefore argues there is reason to believe that items responsive to Document Request No. 52 do exist, and asks that the Court compel Defendant to produce those items.

In its response brief, Defendant maintains that it does not have any items responsive to Document Request No. 52. Defendant claims that Plaintiff fails to consider the entire deposition of Defendant's president. Defendant points out that its president testified that Defendant's computer server resets on its own every day so that no tape exists. Defendant argues that because there are no items responsive to Document Request No. 52, it cannot be compelled to produce items responsive to Document Request No. 52.

The Court agrees with Defendant. Plaintiff attempts to rely on deposition testimony of Defendant's president and director of marketing in support of its claims that information responsive to Document Request No. 52 must exist. However, Plaintiff does not attach deposition transcripts for the Court's review, but rather inserted a few lines of testimony from each deposition in its Renewed Motion. The Court concludes that this is insufficient to establish that Defendant has not

---

[29] *Id.*

13

fully and properly responded to Document Request No. 52. Defendant has already responded to Document Request No. 52 that no responsive information exists. The Court cannot order Defendant to produce documents that do not exist. The Court therefore denies Plaintiff's Renewed Motion with respect to Document Request No. 52.

## V. DOCUMENT REQUEST NO. 61

Document Request No. 61 seeks "[a]ll reports, memoranda, correspondence and all other DOCUMENTS and things pertaining to the 'Waist Away' marketing program, which were generated at any time during the period from January 1, 2005, to date."[30] Defendant, in its amended response to Document Request No. 61, stated that "all documents responsive to this request that are in its possession, custody and control have already been made available for Plaintiff's inspection and photocopying. For example, LOA refers Plaintiff to documents bates-numbered LOA000001 - LOA000040, LOA000356 - LOA000377 and LOA001310 - LOA001332."[31]

Plaintiff seeks an order compelling Defendant to fully respond to Document Request No. 61. Plaintiff argues that Defendant cannot, as it claims, have produced all responsive documents to Document Request No. 61 because Plaintiff discovered a responsive document that Defendant failed to produce. Plaintiff points out that Defendant's president testified during his deposition that he recognized the document and that he had turned it over to Defendant's in-house counsel for production, and he could not explain why Defendant had not produced the document to Plaintiff.

---

[30] Pl.'s Renewed First Mot. to Compel Disc. and Supporting Mem. of Law (ECF No. 119) at 12.

[31] *Id.*

Plaintiff thus asks the Court to order Defendant to revisit Document Request No. 61 and ensure that it has indeed produced all responsive documents.

Defendant claims that it has already produced all documents responsive to Document Request No. 61. Defendant argues that it is not necessary for the Court to order Defendant to "revisit" Document Request No. 61 because Defendant already has an obligation under Fed. R. Civ. P. 26(e) to supplement its production.

The Court agrees with Defendant. Defendant has already responded to Document Request No. 61. In addition, the Court notes that Defendant has an obligation under Fed. R. Civ. P. 26(e) to timely supplement or correct its response to Document Request No. 61 should Defendant learn that in some material respect the response is incomplete or incorrect.[32] The Court will therefore deny Plaintiff's Renewed Motion with respect to Document Request No. 61.

## VI. DOCUMENT REQUEST NOS. 65 AND 66

Document Request No. 65 seeks "[a]ll DOCUMENTS and things which YOU relied upon, referred to or utilized in preparing YOUR answers to Plaintiff's First Interrogatories of this date."[33] Document Request No. 66 seeks "[a]ll DOCUMENTS and things which YOU relied upon, referred to or utilized in support of YOUR denial of any item contained in Plaintiff's First Request for Admissions of this date."[34] Defendant objected to both requests on the grounds that they seek information protected from disclosure by the attorney-client privilege and/or work product

---

[32] Fed. R. Civ. P. 26(e)(1).

[33] Pl.'s Renewed First Motion to Compel Disc. and Supporting Mem. of Law (ECF No. 119) at 14.

[34] *Id.* at 16.

doctrine.[35]  Subject to its objections, in response to Document Request No. 65, Defendant stated that all responsive documents "in its possession, custody and control have already been made available for Plaintiff's inspection and photocopying.  For example, LOA refers Plaintiff to documents bates-numbered LOA 000001 - LOA 001916.  As to interrogatory no. 5, LOA specifically refers Plaintiff to documents bates-numbered LOA001447 LOA001486."[36]  With respect to Document Request No. 66, Defendant responded that, subject to and without waiving its objections, "all responsive, non-privileged documents in its possession, custody and control will be made available for inspection and/or copying at a time mutually convenient to the parties."[37]

Plaintiff seeks an order compelling Defendant to fully respond to Document Request Nos. 65 and 66.  Plaintiff argues that Defendant has not shown any basis for the assertion of the attorney-client privilege.  Plaintiff further argues that Defendant's responses to Document Request Nos. 65 and 66 made "subject to and without waiving these objections" "obscures potentially discoverable information and leaves" Plaintiff "with reason to believe that important documents have not been produced without a mechanism to compel production."[38]  Plaintiff thus moves for an order compelling Defendant to respond directly to Document Request Nos. 65 and 66 without limiting its production or otherwise suggesting that its production is made "subject to" an unsustained objection.

---

[35] *Id.* at 14 and16.

[36] *Id.* at 14.

[37] *Id.* at 16.

[38] *Id.* at 14-15.

Defendant, in its response brief, states that it has produced all documents responsive to Document Request Nos. 65 and 66, which it identified by Bates number.[39] Defendant further argues that Plaintiff's claims with respect to the attorney-client privilege are without merit because Defendant has supported its attorney-client privilege objection by providing a privilege log to Plaintiff identifying the nature of the documents withheld from production on the basis of privilege. Defendant argues that this privilege log satisfies its burden of establishing the attorney-client privilege objection.

Defendant also argues that Plaintiff's position concerning Defendant's reference to production of responsive documents "subject to and without waiving its objections" is without merit. Defendant claims that the parties are permitted to partially object to a document request under Fed. R. Civ. P. 34(b)(2)(C), and this is exactly what Defendant did.[40] Defendant further argues that on February 15, 2010, it "unequivocally advised Plaintiff that 'notwithstanding any objections that LOAFC asserted to Plaintiff's document requests, LOAFC is making available all responsive documents to Plaintiff's First Request for Production, specifically including request nos. 5 - 9, 14 - 16, 24, 61-63 and 65, that it was able to locate after a diligent search of its files.'"[41] Defendant thus contends that it has produced all documents responsive to Document Request Nos. 65 and 66, and Plaintiff's Renewed Motion should therefore be denied as moot.

---

[39] Def.'s Mem. of Law in Opp'n to Pl.'s First Mot. to Compel Disc. (ECF No. 126) at 8.

[40] Fed. R. Civ. P. 34(b)(2)(C) ("An objection to part of a request must specify the part and permit inspection of the rest.").

[41] Def.'s Mem. of Law in Opp'n to Pl.'s First Mot. to Compel Disc. (ECF No. 126) at 9-10 (quoting February 15, 2010 letter, attached as Ex. A to Def.'s Mem. of Law in Opp'n to Pl.'s First Mot. to Compel Disc. (ECF No. 126)).

In its reply brief,[42] Plaintiff states that it does not dispute that Defendant produced a privilege log, and Plaintiff does not dispute that Defendant produced redacted documents along with the privilege log. Rather, Plaintiff disputes Defendant's production as a whole. Plaintiff argues that Defendant's responses to Document Request Nos. 65 and 66 "appear[] to be void of any merit and value."[43] Plaintiff claims that Defendant does not substantively answer Document Request Nos. 65 and 66 because Defendant responded to the requests "subject to and without waiving" its objections. According to Plaintiff, Defendant's responses leave Plaintiff wondering whether all documents have been produced, or if some documents are still being withheld under claims of privilege. Plaintiff further states that although it has no doubt that Defendant's privilege log satisfies the requirements of Fed. R. Civ. P. 26(b)(5), the documents produced under the privilege are deficient. Plaintiff claims that although Defendant says it has produced all relevant documents, Plaintiff has reason to believe that Defendant has not complied with Document Request Nos. 65 and 66 and produced all responsive documents.

Going back and forth between the parties' arguments, it appears that Plaintiff is not concerned with Defendant's objections on the grounds of attorney-client privilege and work product

---

[42] Plaintiff also complains about Defendant's response to Document Request No. 65 with respect to documents relied upon when answering Interrogatory No. 5. Plaintiff, however, raises this issue for the first time in its reply brief. The Court will not consider those issues raised for the first time in a reply brief. *See Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1244 (D. Kan. 2001) ("Courts in this district generally refuse to consider issues raised for the first time a reply brief."); *Mike v. Dymon, Inc.*, Civ. A. No. 95-2405-EEO, 1996 WL 427761, at *2 (D. Kan. July 25, 1996) ("In pursuit of fairness and proper notice, the court generally summarily denies or excludes all arguments and issues first raised in reply briefs.") (quotations and citations omitted). The Court thus disregards this portion of Plaintiff's reply brief.

[43] Pl.'s Reply to Def.'s Mem. of Law in Opp'n to Pl.'s Renewed First Mot. to Compel Disc. (ECF No. 139) at 13.

doctrine, but rather takes issue with Defendant's response to Document Request Nos. 65 and 66 "subject to" its objections. The Court finds this complaint to be well-founded. Although Defendant is permitted to object to part of a document request, Defendant's response fails to specify exactly what part of the document requests is being objected to, which is required by Fed. R. Civ. P. 34(b)(2)(C). Without this information, Plaintiff is left guessing as to whether Defendant has produced all documents, or only produced some documents and withheld others on the basis of privilege. The Court will therefore require Defendant to amend its responses to Document Request Nos. 65 and 66 and make it clear whether it is withholding any documents on the grounds of privilege and to specifically identify those responsive documents by Bates number on the privilege log referred to by the parties.

Plaintiff also appears to be concerned that Defendant has not produced all documents responsive to Document Request Nos. 65 and 66. The Court previously addressed this issue with respect to Document Request No. 61. The Court again notes that Defendant has an obligation under Fed. R. Civ. P. 26(e) to timely supplement or correct its responses to Document Request Nos. 65 and 66 should Defendant learn that in some material respect the responses are incomplete or incorrect.[44]

Thus, the Court grants in part Plaintiff's Renewed Motion with respect to Document Request Nos. 65 and 66 and will require Defendant to amend its responses to Document Request Nos. 65 and 66 and make it clear whether it is withholding any documents on the grounds of privilege and to specifically identify those responsive documents by Bates number on the privilege log referred to by the parties.

## VII.    EXPENSES

---

[44] Fed. R. Civ. P. 26(e)(1).

Plaintiff asks the Court to award its expenses, including attorney's fees, incurred in making the Renewed Motion under Fed. R. Civ. P. 37(a).  Under Fed. R. Civ. P. 37(a)(5)(C), when a court grants in part and denies in part a motion to compel, as is the case here, the court may "apportion the reasonable expenses for the motion."[45]   Here, the Court finds it appropriate and just for the parties to bear their own expenses and fees incurred in connection with the Renewed Motion.  The Court therefore denies Plaintiff's request for expenses.

## VIII.   CONCLUSION

For the foregoing reasons, Plaintiff's Renewed Motion is granted in part and denied in part. Plaintiff's Renewed Motion is granted with respect to Document Request Nos. 18, 19, and 38.  In addition, Plaintiff's Renewed Motion is granted in part with respect to Document Request Nos. 65 and 66, and Defendant shall amend its responses to Document Request Nos. 65 and 66 to make it clear whether Defendant is withholding any documents on the grounds of privilege and to specifically identify those responsive documents by Bates number on the privilege log referred to by the parties.  Defendant shall respond to Document Request Nos. 18, 19, 38, 65 and 66 **within 20 days** of the date of this Memorandum and Order.

Plaintiff's Renewed Motion is denied with respect to Document Request Nos. 52 and 61.

---

[45] Fed. R. Civ. P. 37(a)(5)(C).

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed First Motion to Compel Discovery and Supporting Memorandum of Law (ECF No. 119) is granted in part and denied in part.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 25th day of February 2011.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties