**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| PRO FIT MANAGEMENT, INC. ) | |
| d/b/a DRAFT INCREASE SOLUTIONS, ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION** |
| ) | |
| **v.** ) | **Case No. 08-CV-2662 JAR/DJW** |
| ) | |
| **LADY OF AMERICA FRANCHISE** ) | |
| **CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

<u>**MEMORANDUM AND ORDER**</u>

Pending before the Court is Plaintiff's Second Motion to Compel Discovery and Supporting

Memorandum of Law (ECF No. 131). For the reasons set forth herein, Plaintiff's Motion is granted

in part and denied in part.

**I.     BACKGROUND**

Plaintiff brings this action against Defendant Lady of America Franchise Corporation

("Defendant") and several franchisees of Defendant alleging (1) copyright infringement under 17

U.S.C. § 101 *et seq.*, (2) violation of the Digital Millennium Copyright Act under 17 U.S.C. § 1201

*et seq.*, (3) trademark infringement under 15 U.S.C. §§ 1114 and 1125(a), (4) unfair competition

arising under § 43 of the Lanham Act, 15 U.S.C. § 1125, (5) breach of contract under the common

law of the State of Kansas, (6) tortious interference with contract under the common law of the State

of Kansas, and (7) unfair competition under the common law of the State of Kansas.  Stated

generally, Plaintiff alleges that Defendant and its franchisees unlawfully used Plaintiff's "Forever

Fit" proprietary materials, for which Plaintiff holds copyrights and a registered trademark.

According to Plaintiff, Defendant copied Plaintiff's Forever Fit program and sold and distributed

the program to Defendant's franchisees. Plaintiff also alleges that it became an authorized preferred vendor for Defendant and its franchisees, and that it offered its Forever Fit proprietary materials to Defendant and Defendant's franchisees subject to a license agreement, which specifically stated that unauthorized coping or distribution of the Forever Fit proprietary materials was not permitted. Plaintiff claims that Defendant breached the license agreement by copying, distributing and making derivative works based on Plaintiff's copyrighted work.

Plaintiff's Motion concerns its Second Request for Production served on Defendant. Plaintiff seeks to compel Defendant to respond fully and without objection to Document Request Nos. 1 - 7. Before filing the Motion, Plaintiff provided Defendant with a draft copy of its Motion, and they discussed the issues raised by the Motion. The parties were unable to resolve the disputed issues, and thus Plaintiff filed its Motion. The Court therefore concludes that Plaintiff satisfied the meet and confer requirements of Fed. R. Civ. P. 37 and D. Kan. Rule 37.2 before filing the Motion. The Court therefore turns to the merits of the Motion.

## II.      GENERAL OBJECTIONS

Plaintiff takes issue with Defendant's use of general objections in response to Plaintiff's Second Request for Production. Plaintiff argues that Defendant's general objections should be deemed waived because Defendant's general objections made "to the extent" that they may apply to a particular request are considered by courts in this district to be meritless on their face.

Defendant asserted the following general objections to all of Plaintiff's document requests:

A.      LOAFC objects to each and every 'definition' and 'instruction' to the extent that they seek to impose any obligation or burden upon LOAFC not provided for in the Federal Rules of Civil Procedure.

B.      LOAFC objects to these requests to the extent that they imply that the requested information is within the custody or control of LOAFC. To the

extent that LOAFC has within its possession, custody, or control any relevant information responsive to any such requests, such information will be supplied, subject to any other objections asserted herein.

C.       LOAFC objects to each request to the extent that it seeks production of documents protected by the attorney-client privilege, attorney work product or any other recognized privilege.  To the extent that LOAFC produces documents, it does not intend to provide documents protected from disclosure by the attorney-client or attorney work product privilege, and any production of a privileged document shall be deemed <u>inadvertent</u>.

D.       LOAFC objects to Plaintiff's use of the word 'all' with respect to its request that LOAFC produce 'all' documents of a certain description.  LOAFC objects to each request on the basis that Plaintiff's request for 'all' such documents in the context of this litigation is overbroad and unduly burden-some, and seeks documents which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Further, Plain-tiff's request for 'all' documents of a certain description may include the production of documents beyond the scope of LOAFC's immediate possession, custody and/or control.

E.       LOAFC objects to these requests as irrelevant, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.[1]

Defendant then proceeded to answer Document Request Nos. 1-7 "[s]ubject to and without waiving" its general objections.[2]

This Court has explained its view of general objections on several occasions.  The Court disapproves of general objections that are asserted "to the extent" that the objections apply.[3]  In addition, general objections are considered merely "hypothetical or contingent possibilities" when

---

[1] Def.'s Resps. and Objections to Pl.'s Second Req. for Prod. at 1-2, attached as Ex. 1 to Pl.'s Second Mot. to Compel Disc. and Supporting Mem. of Law (ECF No. 131) (emphasis in original).

[2] *Id.*

[3] *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 538 (D. Kan. 2006) (citations omitted).

the objecting party makes "no meaningful effort to show the application of any such theoretical objection to any request for discovery."[4] Thus, where the objecting party makes no attempt to apply the theoretical general objection, the Court will deem those general objections waived and will decline to consider them as objections at all.[5]

With these principles in mind, the Court turns to Defendant's general objections. Defendant's general objections A, B, and C are all made "to the extent" that the general objection applies. The Court deems these objections hypothetical and meaningless. In addition, the Court finds that Defendant made no meaningful effort to apply general objections A through E to any particular document request. Rather, Defendant simply answered all of the document requests "subject to and without waiving" its general objections. This leaves Plaintiff and the Court wondering exactly which general objections, if any, apply to each document request.

Defendant argues that it did make a meaningful effort to apply its general objections to each of the document requests. In support of this argument, Defendant claims, "[N]ot only did LOAFC assert general objections in order to preserve them, it also provided a specific response to all seven (7) document requests setting forth the precise objection so that Plaintiff would not be left wondering the basis of LOAFC's objection."[6] Defendant further claims, "Moreover, while LOAFC asserted a general objection based on the attorney-client privilege and the attorney work product

---

[4] *Id.* (citations and quotations omitted).

[5] *Id.*

[6] Def.'s Mem. of Law in Opp'n to Pl.'s Second Mot. to Compel Disc. (ECF No. 145) at 2.

doctrine, LOAFC did not assert these specific objections to any of Plaintiff's seven (7) document requests."[7]

Defendant's arguments completely miss the point. Defendant appears to argue that by making specific objections in addition to its general objections, Defendant has somehow shown the application of its general objections to each particular document request. This is not the case. Rather, Defendant has simply made both general and specific objections. As such, Plaintiff, and the Court, are still left wondering exactly how each general objection applies to a specific document request. In other words, the general objections are hypothetical and meaningless.

A perfect example of how Defendant's general objections are hypothetical and meaningless is Defendant's general objection based on the attorney-client privilege. Defendant admits in its response brief that it made the general objections to "preserve" them, but that it never made a specific objection based on the attorney-client privilege. Thus, according to Defendant, Plaintiff apparently does not need to be concerned with Defendant's attorney-client privilege objection because it was never specifically asserted in response to a particular document request. Yet Defendant seems to forget it stated in its responses that Defendant was answering each and every document request "subject to and without waiving" its general objections, which include Defendant's attorney-client privilege objection. This kind of confusion is one of the reasons the Court disapproves of such hypothetical, general objections.

By responding to Plaintiff's document requests in this manner, Defendant left the Plaintiff, and the Court, guessing as to how each of Defendant's general objections applies to the particular

---

[7] *Id.*

document requests. The Court finds that Defendant failed to make a meaningful effort to apply its general objections to the particular document requests. As such, the Court concludes that Defendant's general objections are hypothetical and meaningless. The Court therefore deems Defendant's general objections waived and will not consider them as objections at all.[8]

In addition, Plaintiff and Defendant should consider, in making future discovery responses, whether the use of general objections in this manner is a violation of Fed. R. Civ. P. 26(g) in that such an objection is not "warranted by existing law" as discussed above. In the future if there are violations of Fed. R. Civ. P. 26(g), the Court will impose an appropriate sanction as the rule requires.

## III.    UNTIMELY OBJECTION

In its response brief, Defendant argues that Document Request Nos. 1 - 7 are overly broad. However, Defendant never initially objected to these document requests on the grounds that they are overly broad, and Defendant has not shown good cause to excuse its failure to timely assert this objection. The Court thus concludes that Defendant failed to timely assert the overly broad objection and thus deems it waived.[9]

## IV.    DOCUMENT REQUEST NO. 1

---

[8] Because the Court deems Defendant's general objections waived and will not consider them as objections at all, the Court need not consider the parties' other arguments concerning the general objections.

[9] It is well settled that any objections to discovery requests which are not timely asserted are deemed waived, unless the responding party establishes good cause to excuse its failure to timely object. *See, e.g., Brackens v. Shield*, Civ. A. No. 06-2405-JWL-DJW, 2007 WL 2122428, at *1 n.3 (D. Kan. July 20, 2007) ("[I]n the absence of good cause to excuse a failure to timely object to interrogatories or requests for production of documents, all objections not timely asserted are waived."); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999) ( "[The Court] deems objections not initially raised as waived. . .. The waiver or abandonment of objections also precludes their later assertion in a supplemental response.").

Document Request No. 1 states, "Produce all Minutes and/or Minute Books of LOAFC Board of Directors and/or Executive Committee meetings at any time from January 1, 2006, to date."[10] Defendant objected to Document Request No. 1 "on the grounds that it seeks confidential business information, is irrelevant to the issue whether LOAFC engaged in the alleged wrongful conduct pled in the Second Amended Complaint and also seeks information that is not reasonably calculated to lead to the discovery of admissible evidence."[11] Plaintiff seeks an order compelling Defendant to fully respond to Document Request No. 1 without objection.

In its response brief, Defendant argues that Document Request No. 1 seeks documents that are irrelevant and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant does not reassert its objection that Document Request No. 1 seeks confidential business information. Consequently, the Court deems that objection abandoned.[12] The Court therefore turns to Defendant's relevance objection, which was timely asserted and relied upon by Defendant in its response brief.

---

[10] Def.'s Resps. and Objections to Pl.'s Second Req. for Prod. at 2, attached as Ex. 1 to Pl.'s Second Mot. to Compel Disc. and Supporting Mem. of Law (ECF No. 131).

[11] *Id.*

[12] When ruling on a motion to compel, the Court will consider only those objections that have been timely asserted and then relied upon in response to the motion to compel. *See Moses v. Halstead*, 236 F.R.D. 667, 672 n.8 (D. Kan. 2006); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 n.15 (D. Kan. 2005). Objections initially raised but not relied upon in a response to a motion to compel will be deemed abandoned. *See Moses*, 236 F.R.D. at 672 n.8; *Cardenas*, 232 F.R.D. at 380 n.15.

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . .."[13] Relevancy is broadly construed during the discovery phase, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[14] When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[15] Conversely, when the relevancy of the requested discovery is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.[16]

The Court has reviewed Document Request No. 1 and concludes that the relevance of the information requested, namely, the Minutes and Minute Books of Defendant's Board of Directors and Executive Committee meetings, is not readily apparent in this case that centers around Defendant's alleged copyright infringement of Plaintiff's proprietary materials. Plaintiff therefore has the burden to demonstrate the relevance of the requested documents.

Plaintiff argues that the documents requested are relevant because the Minutes and Minute Books of Defendant's Board of Directors and Executive Committee meetings "should contain clues

---

[13] Fed. R. Civ. P. 26(b)(1).

[14] *Cardenas*, 232 F.R.D. at 382; *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004).

[15] *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006); *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

[16] *Johnson*, 238 F.R.D. at 653; *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

to the motives[,] reasons and policies which led to LOAFC's infringement of plaintiff's copyrighted materials."[17]  Plaintiff further argues that "[t]his information is relevant to the questions of willful infringement under 17 U.S.C. § 504(C)(2), and innocent infringement under 17 U.S.C. § 405(b)."[18] Plaintiff "anticipates" that the Minutes and Minute Books "will show that LOAFC was well aware of copyright laws and was itself a sophisticated copyright owner with full knowledge of the implications of its conduct."[19]

Although relevancy is broadly construed at the discovery stage, the Court finds that Plaintiff has failed to demonstrate that the information requested in Document Request No. 1 is relevant to any of the claims or defenses in this case.  Plaintiff's description of the information it seeks does not match the information requested in Document Request No. 1.  While Plaintiff states that it is seeking information relevant to the questions of willful infringement and innocent infringement, Plaintiff did not limit Document Request No. 1 to such information.  Instead, the document request seeks *all* Minutes and Minute Books from January 1, 2006, to date.  In addition, Plaintiff's claim that these Minutes and Minute Books "should contain clues" about Defendant's "motives, reasons, and policies" leading to Defendant's alleged infringement falls far short of demonstrating that the requested information is relevant to any of the claims or defenses in this action.  The Court thus sustains Defendant's relevance objection to Document Request No. 1, and therefore denies Plaintiff's Motion with respect to Document Request No. 1.

## V.    DOCUMENT REQUEST NO. 2.

---

[17] Pl.'s Second Mot. to Compel Disc. and Supporting Mem. of Law (ECF No. 131) at 11.

[18] *Id.*

[19] *Id.*

Document Request No. 2 states, "Produce all LOAFC Corporate Records, By-Laws, Articles of Incorporation, Articles of Organization, and Corporate Stock Books kept in the normal course of business at anytime from January 1, 2005, to date."[20] Defendant objected to Document Request No. 2 "on the grounds that its seeks confidential business information, is irrelevant to the issue whether LOAFC engaged in the alleged wrongful conduct pled in the Second Amended Complaint and also seeks information that is not reasonably calculated to lead to the discovery of admissible evidence."[21] Plaintiff seeks an order compelling Defendant to respond to Document Request No. 2 fully and without objection.

In its response brief, Defendant argues that Document Request No. 2 seeks irrelevant information. Defendant does not reassert its objection that Document Request No. 2 seeks confidential business information. Consequently, the Court deems that objection abandoned.[22] The Court therefore turns to Defendant's relevance objection.

The Court has reviewed Document Request No. 2 and concludes that the relevance of the documents sought is not readily apparent. It is not at all clear how Defendant's corporate records, by-laws, articles of incorporation, articles of organization, and corporate stock books are relevant to any of the claims or defenses in this action. Plaintiff therefore has the burden of demonstrating the relevance of these requested documents.[23]

---

[20] Def.'s Resps. and Objections to Pl.'s Second Req. for Prod. at 2-3, attached as Ex. 1 to Pl.'s Second Mot. to Compel Disc. and Supporting Mem. of Law (ECF No. 131).

[21] *Id.*

[22] *Moses*, 236 F.R.D. at 672 n.8; *Cardenas*, 232 F.R.D. at 380 n.15.

[23] *Johnson*, 238 F.R.D. at 653; *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

Plaintiff argues that the requested corporate documents "are needed to determine who is in charge and who benefits from corporate activities."[24]  Plaintiff also argues that this information is important for the same reasons that the documents requested in Document Request No. 1 are important.  However, the Court has already considered and dismissed these arguments, finding that Plaintiff failed to demonstrate the relevance of the information sought in Document Request No. 1.

The Court has considered Plaintiff's argument concerning the relevance of Defendant's corporate records sought through Document Request No. 2 and is not convinced that this information is relevant to any of the claims or defenses in this action.  Plaintiff's claim that this information is needed to determine "who is in charge" and "who benefits from the corporate activities" does not demonstrate that the requested information is relevant to the claims or defenses in this action.  The Court thus sustains Defendant's relevance objection, and therefore denies Plaintiff's Motion with respect to Document Request No. 2.

## VI.     DOCUMENT REQUEST NO. 3

Document Request No. 3 states, "Produce all contracts and correspondence between LOAFC and any corporation and/or entity which as part of its name includes, 'TRIVEST' at any time from January 1, 2005, to date."[25]  Defendant objected to Document Request No. 3

> on the grounds that it is irrelevant to whether LOAFC engaged in the alleged wrongful conduct pled in the Second Amended Complaint and also seeks informa-tion that is not reasonably calculated to lead to the discovery of admissible evidence.

---

[24] Pl.'s Second Mot. to Compel Disc. and Supporting Mem. of Law (ECF No. 131) at 12.

[25] Def.'s Resps. and Objections to Pl.'s Second Req. for Prod. at 3, attached as Ex. 1 to Pl.'s Second Mot. to Compel Disc. and Supporting Mem. of Law (ECF No. 131).

LOAFC further objects to this request on the grounds that it seeks confidential information pertaining to third-parties that are not a part of this litigation.[26]

Plaintiff seeks an order compelling Defendant to fully respond to Document Request No. 3 without objection.

Defendant, in its response brief, argues that Document Request No. 3 seeks documents that are irrelevant and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant does not reassert its objection that Document Request No. 3 seeks confidential information. Consequently, the Court deems that objection abandoned.[27] The Court therefore turns to Defendant's relevance objection.

Document Request No. 3 seeks information concerning an entity with has Trivest as part of its name. The Court notes that no such entity is a party to this action, and the Court cannot find any mention of any such entity in Plaintiff's Third Amended Complaint (ECF No. 128). Thus, the Court concludes that the relevance of the documents sought in Document Request No. 3 is not readily apparent. Plaintiff therefore has the burden of demonstrating the relevance of the requested documents.[28]

In support of its argument that the requested documents are relevant, Plaintiff claims that "Trivest Partners (or some entity with a similar name) controls LOAFC by virtue of its control of the LOAFC board of directors."[29] Plaintiff further claims, "[I]t appears that 'Trivest' has both the

---

[26] *Id.*

[27] *Moses*, 236 F.R.D. at 672 n.8; *Cardenas*, 232 F.R.D. at 380 n.15.

[28] *Johnson*, 238 F.R.D. at 653; *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

[29] Pl.'s Second Mot. to Compel Disc. and Supporting Mem. of Law (ECF No. 131) at 13.

right to supervise LOAFC's activities and a direct financial interest in those activities."[30]  Plaintiff then argues that, under the copyright infringement act, "vicarious liability for infringement may be imposed on one who has the right to supervise the infringing activity and a financial interest in the fruits of the infringement, even though that party is not a direct, primary participant in the infringement."[31]  Plaintiff therefore argues that Defendant should be required to produce the requested documents because

> Plaintiff believes that the requested documents will show conclusively that, at all material times, "Trivest" had the right to supervise LOAFC's activities, that "Trivest" did in fact exercise its right to supervise LOAFC's activities, that "Trivest" has a direct financial interest in those activities, and that "Trivest" enjoyed a direct financial benefit from LOAFC's infringing activities.[32]

The Court is not convinced by Plaintiff's arguments that the documents requested in Document Request No. 3 are relevant.  Plaintiff has not attempted to explain how the requested documents are relevant to any of the claims or defenses in this action.  Plaintiff does not explain why information concerning Trivest, a non-party who is not mentioned in its Third Amended Complaint, is at all relevant to any of the claims or defenses in this action.  In short, Plaintiff has failed entirely to demonstrate the relevance of any information concerning Trivest.  The Court thus sustains Defendant's relevance objection, and therefore denies Plaintiff's Motion with respect to Document Request No. 3.

## VII.    DOCUMENT REQUEST NO. 4

---

[30] *Id.*

[31] *Id.* (citations omitted).

[32] *Id.* at 14.

Document Request No. 4 states, "Produce all contracts and correspondence between LOAFC and Digital Internet Group, Inc. in Digital Internet Group, Inc.'s possession and/or YOUR control at any time from January 1, 2006, to date."[33]  Defendant objected to Document Request No. 4 "on the grounds that it is irrelevant to whether LOAFC engaged in the alleged wrongful conduct pled in the Second Amended Complaint and also seeks information that is not reasonably calculated to lead to the discovery of admissible evidence."[34]  Plaintiff seeks an order compelling Defendant to fully respond to Document Request No. 4 without objection.

Defendant, in its response brief, argues that Document Request No. 4 seeks documents that are irrelevant and are not reasonably calculated to lead to the discovery of admissible evidence.  The Court has reviewed Document Request No. 4 and concludes that the relevance of the documents requested is not readily apparent.  Thus, Plaintiff has the burden of establishing the relevance of the documents requested in Document Request No. 4.[35]

According to Plaintiff, "Digital Internet Group, Inc. is in charge of LOAFC's electronic files that are published on the LOAFC intranet site."[36]  Plaintiff argues that these electronic "files included, at various times, franchisee bulletins, Waist Away documents, company newsletters, and plaintiff's Draft Increase Solutions program."[37]  Plaintiff claims that Defendant uses its intranet site "to provide information to its franchisees: By logging onto the intranet, a franchisee is able to keep

---

[33] Def.'s Resps. and Objections to Pl.'s Second Req. for Prod. at 3, attached as Ex. 1 to Pl.'s Second Mot. to Compel Disc. and Supporting Mem. of Law (ECF No. 131).

[34] *Id.*

[35] *Johnson*, 238 F.R.D. at 653; *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

[36] Pl.'s Second Mot. to Compel Disc. and Supporting Mem. of Law (ECF No. 131) at 14.

[37] *Id.* at 14-15.

abreast of company activities."[38]  Plaintiff further claims that Defendant "is able to monitor franchisee log-ins on the intranet."[39]  Plaintiff thus argues that the documents sought in Document Request No. 4 are relevant to Plaintiff's "damages claim because, by analyzing the intranet log-ins, plaintiff will be able to determine the number of times that LOAFC's infringing materials were accessed by LOAFC's franchisees."[40]  Plaintiff further argues because Defendant has the right under the franchisee agreements to supervise the franchisees' infringing activity and enjoys a direct financial benefit from the franchisees' revenues, each use of the infringing materials by the franchisees subjects Defendant "to additional vicarious liability for statutory damages."[41]

The Court is not convinced by Plaintiff's arguments that the documents sought in Document Request No. 4 are relevant to any of the claims or defenses in this action.  This is because what Plaintiff describes as being relevant and what Document Request No. 4 actually seeks are two different categories of documents.  Document Request No. 4 seeks all contracts and correspondence between Defendant and Digital Internet Group, Inc.  Document Request No. 4 does not, as Plaintiff appears to claim, seek information concerning access by franchisees to information on Defendant's intranet site concerning the proprietary materials at issue in this case.  The Court thus sustains Defendant's relevance objection to Document Request No. 4, and therefore denies Plaintiff's Motion with respect to Document Request No. 4.

## VIII.   DOCUMENT REQUEST NOS. 5 AND 6

----

[38] *Id*. at 15.

[39] *Id*.

[40] *Id*.

[41] *Id*.

Document Request No. 5 states, "Produce all LOAFC data, documents, and records, electronic or otherwise, provided to Digital Internet Group, Inc. or otherwise in Digital Internet Group, Inc.'s possession and/or YOUR control related to the WAIST AWAY program at any time from January 1, 2006, to date."[42]  Document Request No. 6 states, "Produce all LOAFC data, documents, and records, electronic or otherwise, provided to Digital Internet Group, Inc. or otherwise in Digital Internet Group, Inc.'s possession and/or YOUR control related to the FOREVER FIT program at any time from January 1, 2006 to date."[43]  Defendant initially objected to both Document Request Nos. 5 and 6 on the grounds that they seek documents that are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence.  However, Defendant further responded to Document Request Nos. 5 and 6 that, subject to its objections, "it will produce all responsive, non-privileged documents in its possession, custody and/or control to the extent that such documents exist."[44]

According to Plaintiff, Defendant had not produced any responsive documents at the time Plaintiff filed its Motion.  Plaintiff asks the Court to overrule Defendant's objections, and also argues that Defendant's response to the document requests "subject to and without waiving" its objections is improper.

It appears that after Plaintiff filed its Motion, Defendant produced documents responsive to Document Request Nos. 5 and 6.  In its response brief, Defendant argues that Plaintiff's Motion with

_____

[42] Def.'s Resps. and Objections to Pl.'s Second Req. for Prod. at 3-4, attached as Ex. 1 to Pl.'s Second Mot. to Compel Disc. and Supporting Mem. of Law (ECF No. 131).

[43] *Id*. at 4.

[44] *Id*.

respect to Document Request Nos. 5 and 6 "is moot because it has now produced documents bates-numbered LOA001917 - LOA001930."[45] Defendant also argues that its response to Document Request Nos. 5 and 6 "subject to and without waiving" its objections is proper because Fed. R. Civ. P. 34 allows parties responding to discovery to partially object to a document request while complying with the unobjectionable portion of the request.

The Court disagrees with Defendant that Plaintiff's Motion with respect to Document Request Nos. 5 and 6 is moot simply because Defendant opted to produce documents responsive to these document requests after Plaintiff filed its Motion. Indeed, Fed. R. Civ. P. 37(a)(5)(A) makes it clear that the Court must, in certain circumstances, require payment of the moving party's expenses when the motion is granted *or* when the non-moving party produces the requested documents after the motion was filed. Moreover, the Court concludes that because Defendant responded to Document Request Nos. 5 and 6 "subject to" its objections, it is not clear whether Defendant has actually produced *all* responsive documents. The Court will therefore address Defendant's objections and its response to Document Request Nos. 5 and 6 "subject to" its objections.

Defendant is correct that Fed. R. Civ. P. 34(b)(2)(C) permits the responding party to object to part of a request. However, Fed. R. Civ. P. 34(b)(2)(C) makes it clear that the objecting party must "specify the part" being objected to and "permit inspection of the rest."[46] Here, Defendant objected to Document Request Nos. 5 and 6 on the grounds that they are not relevant and do not seek information reasonably calculated to lead to the discovery of admissible evidence. Defendant

---

[45] Def.'s Mem. of Law in Opp'n to Pl.'s Second Mot. to Compel Disc. (ECF No. 145) at 8.

[46] Fed. R. Civ. P. 34(b)(2)(C).

then stated that subject to its objections, it would produce all responsive, non-privileged documents. By responding to Document Request Nos. 5 and 6 in this manner, Defendant failed to specify the part of the document requests that it finds objectionable. Instead, Defendant asserted that the requested documents are not relevant, and then stated that it would produce "responsive" documents. Consequently, Plaintiff and the Court are left to guess whether all documents have been produced, or whether Defendant has withheld any documents on the grounds that they are not relevant.

Moreover, the Court concludes that Defendant's relevance objection should be overruled. The documents requested in Document Request Nos. 5 and 6, namely documents concerning the Waist Away and Forever Fit programs, appear relevant to the claims and defenses in this action. Defendant thus has the burden of demonstrating that the requested documents do not come within the broad scope of relevance, or are "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[47] Defendant has not attempted to make this showing. The Court therefore overrules Defendant's relevance objection. The Court thus grants Plaintiff's Motion with respect to Document Request Nos. 5 and 6.

## IX.     DOCUMENT REQUEST NO. 7

Document Request No. 7 states, "Produce all LOAFC data, documents, and records, electronic or otherwise, found on http://www.ladyofamerica.com, including all sub-domains (e.g., http://frc.ladyofamerica.com) and the LOAFC Intranet, in Digital Internet Group, Inc.'s possession

---

[47] *Johnson*, 238 F.R.D. at 653; *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

and/or YOUR control at any time from January 1, 2006, to date."[48] Defendant objected to Document Request No. 7 "on the grounds that it seeks confidential business information, is irrelevant to whether LOAFC engaged in the alleged wrongful conduct pled in the Second Amended Complaint and also seeks information that is not reasonably calculated to lead to the discovery of admissible evidence."[49] Defendant did not reassert its confidentiality objection in its responsive brief. The Court therefore deems that objection abandoned.[50] The Court thus turns to Defendant's relevance objection.

The Court finds that the relevance of the documents sought in Document Request No. 7, namely all of Defendant's data, documents and records found on certain websites, is not readily apparent. Thus, Plaintiff has the burden to demonstrate the relevance of the requested documents.[51] In support of its argument that the documents requested in Document Request No. 7 are relevant to the claims or defenses in this action, Plaintiff makes the same argument that it made in support of Document Request No. 4. Thus, for the same reasons identified above in the discussion on Document Request No. 4, the Court concludes that Plaintiff has not satisfied its burden of demonstrating the relevance of the documents requested through Document Request No. 7. Indeed, Plaintiff does not simply seek information concerning franchisee access to Plaintiff's proprietary materials, but rather seeks *all* of Defendant's data, documents, and records found on certain

---

[48] Def.'s Resps. and Objections to Pl.'s Second Req. for Prod. at 4, attached as Ex. 1 to Pl.'s Second Mot. to Compel Disc. and Supporting Mem. of Law (ECF No. 131).

[49] *Id*. at 4-5.

[50] *Moses*, 236 F.R.D. at 672 n.8; *Cardenas*, 232 F.R.D. at 380 n.15.

[51] *Johnson*, 238 F.R.D. at 653; *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

websites.  Plaintiff has not demonstrated the relevance of this broad request.  The Court thus sustains Defendant's relevance objection, and denies Plaintiff's Motion with respect to Document Request No. 7.

## X.     EXPENSES

Plaintiff asks the Court to award its expenses, including attorney's fees, incurred in making the Motion under Fed. R. Civ. P. 37(a).   Under Fed. R. Civ. P. 37(a)(5)(C), when a court grants in part and denies in part a motion to compel, as is the case here, the court may "apportion the reasonable expenses for the motion."[52]   Here, the Court finds it appropriate and just for the parties to bear their own expenses and fees incurred in connection with the Motion.  The Court therefore denies Plaintiff's request for expenses.

## XI.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion is granted in part and denied in part.  Plaintiff's Motion is granted with respect to Document Request Nos. 5 and 6, and Defendant shall respond to Document Request Nos. 5 and 6, without objection, **within 20 days** of the date of this Memorandum and Order.

Plaintiff's Motion is denied with respect to Document Request Nos. 1-4, and 7.

---

[52] Fed. R. Civ. P. 37(a)(5)(C).

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion to Compel Discovery and

Supporting Memorandum of Law (ECF No. 131) is granted in part and denied in part.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 25th day of February 2011.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties