# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PRO FIT MANAGEMENT, INC.
d/b/a DRAFT INCREASE SOLUTIONS,

  Plaintiff,         CIVIL ACTION

v.              Case No. 08-CV-2662 JAR/DJW

LADY OF AMERICA FRANCHISE
CORPORATION, et al.,

  Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Amend Third Amended Scheduling Order to Extend Deadline for Designation of Experts (ECF No. 164). The Motion is granted.

**I. Background Facts**

A Scheduling Order (ECF No. 17) was entered in the above-captioned case on June 2, 2009. The Order set the deadline for the party with the burden of proof to disclose experts and associated reports on September 4, 2009. Responses were due October 5, 2009. Finally, rebuttal expert disclosures were to be made on November 4, 2009. The Court issued an Amended Scheduling Order (ECF No. 38) by the parties' joint request on November 18, 2009 granting an extension of the close of discovery. In doing so, the Court set forth and extended dates affected within the Scheduling Order including, among other things, all

motions to exclude testimony of expert witnesses. At no time prior to this amendment was there a motion before the Court to extend, change, or in any way modify the deadline to disclose experts, which had already lapsed, or submit motions to exclude expert testimony. However, the parties' then jointly requested amending dates of the Scheduling Order three additional times which the Court granted (ECF Nos. 51, 93, and 154). In each of the joint motions to amend the dates of the Scheduling Order the parties requested an extension of time to file motions to exclude expert witness testimony or Daubert motions.[1]

On December 14, 2010, Plaintiff moved this Court extend the deadline for designation of experts from September 4, 2009 to February 3, 2011. Responses would be due March 7, 2011. Finally, rebuttal expert disclosures would be made on April 6, 2011. The Court takes up this motion after the expiration of two of the suggested dates.

## II. Applicable Law Regarding Amending A Scheduling Order

Courts have wide discretion in entering and modifying scheduling orders.[2] The Court is also "vested with broad discretion to preserve the integrity and purpose of [its] order[s]."[3] As such, a magistrate judge may amend a scheduling order upon a showing of good cause.[4] "To establish 'good cause' the moving party must show that the scheduling order's deadline

---

[1]*See* ECF Nos. 48, 87, and 153.

[2]*Greig v. Botros,* 2010 U.S. Dist. LEXIS 84265 at *6 (D. Kan. 2010).

[3]*Pfeiffer v. Eagle Manufacturing Co.*, 137 F.R.D. 352, 354 (D. Kan. 1991) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).

[4]FRCP 16(b)(4).

2

could not have been met with diligence."[5] Furthermore, inadvertence, negligence, mistake of counsel, or a party's ignorance of the rules individually will *usually* not constitute good cause.[6]

Yet, "total inflexibility is undesirable" when ruling on a motion to amend scheduling orders.[7] This is especially true when the decision to amend the schedule will act to preclude evidence.[8] It is well-established that "[t]he decision to exclude evidence is a drastic sanction."[9] Thus, in certain circumstances justice may require amending the schedule even though a deadline set forth in a scheduling order has expired and could have been met with the exercise of due diligence.[10]

## III. The Parties' Arguments

The parties' arguments hinge on whether good cause exists to amend the Scheduling Order. Plaintiff contends that omission kept any reference to the designation of experts out

---

[5]*Greig,* 2010 U.S. Dist. LEXIS 84265 at *6 (citing *Parker v. Central Kansas Medical Center*, 178 F.Supp.2d 1205, 1210 (D. Kan. 2001).

[6]*In re Kirland*, 86 F.3d 172, 176 (10th Cir. 1996).

[7]Fed. R. Civ. P. 16 advisory committee's note. *See Summers v. MO Pacific Railroad Sys.*, 132 F.3d. 599, 604 (10th Cir. 1997) (reversing a district court's decision denying plaintiffs' motion for new scheduling order as untimely and prejudicial to defendant).

[8]*Summers*, 132 F.3d. at 604.

[9]*Id*. *See Manoma Realty Mgmt., LLC v. Fed. Pac. Elec. Co.*, 2007 U.S. Dist. LEXIS 54887 at * 15 (S.D.N.Y. July 27, 2007) (stating that "[e]xclusion of expert testimony has been termed a drastic remedy.") (internal citations omitted); *see also*

[10]*Pfeiffer*, 137 F.R.D. 352.

of the amendments to the Scheduling Order. In support of this contention, Plaintiff points to the fact that each amended scheduling order "supplied for challenging the admissibility of expert testimony even though no party had designated any experts."[11] However, the Court notes that even the first motion to amend the Scheduling Order was submitted over two months *after* the date Plaintiff was to have made expert disclosures. Even so, Plaintiff argues that the suggested time line for expert disclosures contained in the pending motion merely corrects the current schedule to conform to the deadline intervals of the original case schedule.[12]

Plaintiff also argues that good cause exists to amend the Scheduling Order in that Plaintiff does not have sufficient information for a Rule 26 expert report now, let alone sixteen months ago.[13] Plaintiff indicates that deficiencies in Defendant's discovery responses have prevented the acquisition of information "critical to any expert analysis."[14]

Finally, Plaintiff contends that in light of the February 2012 trial date, the deadlines requested will not prejudice Defendant.[15]

---

[11] Plf's Memo. In Support of Mot. To Amend Third Amended Sched. Order To Extend Deadline For Design. Of Experts (ECF No. 165) at pg. 1-2.

[12] *Id*. at pg. 3, 4.

[13] *Id*. at pg. 3- 4.

[14] *Id*.

[15] *Id*. at 4.

On the other hand, Defendant argues that Plaintiff failed to demonstrate good cause.[16] Defendant contends that failure to amend the Scheduling Order in this case to extend time for designation of experts was not omission, and even if it was that was simply carelessness which does not qualify as good cause.[17] Furthermore, Defendant states that Plaintiff was not diligent in trying to meet the previous deadline for expert disclosure.[18] Finally, Defendant maintains it will suffer prejudice if Plaintiff is allowed to retain an expert since Defendant would now "be forced to incur substantial fees in connection with having to hire a rebuttal expert witness."[19]

## IV. Analysis

It is unclear whether Plaintiff could have met the original September 4, 2009 expert disclosure deadline with diligence. Given the previous four amendments of the Scheduling Order, the motions to compel filed, and Plaintiff's motion for a status conference due to discovery concerns, it seems unlikely. Still the Court finds that amending the Scheduling Order is appropriate for at least two additional reasons. First, as Plaintiff points out, amending the time line for expert disclosures would act to maintain the integrity of the case schedule by instituting deadlines at intervals comparable to those originally established.

---

[16] Def's Memo. Of Law In Opp. To Plf's Mot. To Amend Third Amended Sched. Order To Extend Deadline For Design. Of Experts (ECF No. 168).

[17] *Id*. at 2-3.

[18] *Id*. at 5.

[19] *Id*. at 6.

Second, justice mandates amending the Scheduling Order to allow for designation of experts.[20] Not allowing for the amendment would virtually preclude any expert evidence by Plaintiff. Because the decision to amend the Scheduling Order in this case would essentially decide whether to exclude evidence, the following four factors guide the Court:

1. the prejudice or surprise of the party against whom the expert(s) would be excluded,

2. the ability of that party to cure the prejudice,

3. the extent to which not rigidly adhering to the original deadlines would disrupt the orderly and efficient trial of the case or of other cases, and

4. bad faith or willfulness in failing to comply with the Court's order.[21]

Here, Plaintiff would suffer extreme prejudice if not allowed to designate an expert(s). Experts are important to civil litigation. And it is unlikely that Plaintiff would be able to cure such an extreme prejudice if forced to proceed without the benefit of expert testimony. The only prejudice Defendant claims is that now it would be necessary to obtain a rebuttal expert. If Plaintiff would have designated an expert originally or the previous amended scheduling orders included extension of time for disclosure, Defendant still would have found it necessary to obtain a rebuttal expert. The fact that this is occurring later in time, but still

---

[20]*See Manoma Realty Mgmt*, 2007 U.S. Dist. LEXIS 54887 at * 15-16 (finding that precluding expert testimony may tend to frustrate the overarching objective of doing substantial justice to the parties) (internal citations omitted).

[21]*See Summers*, 132 F.3d. at 604 (internal citations omitted).

early in the case, is not detrimental to Defense. In balancing the potential for prejudice, the scales tip fully for Plaintiff.

As for the disruption of the orderly and efficient trial of this case, the Court finds that altering the Scheduling Order while discovery is still open, the deadline for dispositive motions and *Daubert* motions is nearly three months away, and trial is still eleven months off is more efficient and less disruptive than the alternative. Moreover, since experts are seen to streamline and clarify issues at trial, it is only logical that allowing for their designation is ultimately more efficient for the trial of this case.

Finally, as the parties admit, at worst this was counsel omission or carelessness. There is no reason to think that Plaintiff failed to adhere to the original deadline for expert disclosure willfully or in bad faith.

In sum, the Court finds that the integrity of its orders will be preserved, the interests of justice will be served, and the prejudice to all parties will be minimized, if the dates relating to expert disclosure are amended in the Scheduling Order to reflect the analysis herein. As a result of making these changes the Court will also have to change the deadline to completed discovery and and reschedule the Pretrial Conference. All other deadlines following the Pretrial Conference will remain the same.

Thus, the Scheduling Order (ECF No. 17), as previously amended by the Amended Scheduling Order (ECF No. 38), Second Amended Scheduling Order (ECF No. 51), Third Amended Scheduling Order (ECF No. 93), and Fourth Amended Scheduling Order (ECF. No. 154), is further amended as follows:

1. Experts disclosed by party with burden of proof by **April 15, 2011**

2. Response filed by **May 13, 2011**

3. Rebuttal experts disclosed by **May 27, 2011**

4. Discovery deadline and proposed pretrial order due **June 10, 2011**

5. Telephone pretrial conference **June 17, 2011 at 2:00 PM**

**IT IS THEREFORE ORDERED** that the Motion to Amend Third Amended Scheduling Order to Extend Deadline for Designation of Experts (ECF No. 164) is granted, and the Scheduling Order (ECF No. 17), as previously amended (*see* ECF Nos. 38, 51, 93, and 154) is to be further amended in the Fifth Amended Scheduling Order consistent with this Order.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 1st day of April 2011.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties