ams
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PRO FIT MANAGEMENT, INC., d/b/a/ Draft Increase Solutions, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 08-CV-2662-JAR-DJW ) ) |
| LADY OF AMERICA FRANCHISE CORPORATION, et al., | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

Plaintiff Pro Fit Management, Inc., d/b/a Draft Increase Solutions ("Pro Fit") brings this action against Lady of America Franchise Corporation ("LOA"), alleging claims for copyright infringement in violation 17 U.S.C. § 101 *et seq.*, violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.*, trademark infringement in violation of 15 U.S.C. § 1114 and 1125(a), unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125, as well as common law claims for breach of contract, tortious interference with contract, and unfair competition. Pending before the Court are defendant LOA's Objections to the United States Magistrate Judge's Order on Plaintiff's Renewed First Motion to Compel Discovery (Doc. 180). As described more fully below, the Court overrules and denies defendant's objections.

*Background*

On February 25, 2011, Judge Waxse issued a Memorandum and Order (Doc. 177) ("Order") granting in part and denying in part plaintiff's Renewed First Motion to Compel Discovery and Supporting Memorandum of Law (Doc. 119). Defendant objects to that portion

of Judge Waxse's Order granting the motion to compel all documents responsive to Requests for Production 18, 19, and 38. Document Request 18 seeks: "[a]ll LOAFC accounting records and all other documents and things that concern, relate or refer to YOUR financial performance at any time during the period from January 1, 2005, to date." Document Request No. 19 seeks "[a]ll LOAFC ledgers and journals that contain entries relating to franchisee dealings." Defendant objected to Document Requests 18 and 19 on the basis that they do not seek relevant documents and that it has already produced responsive documents. After considering the parties' arguments, Judge Waxse found that both document requests seek information relevant to the claims or defenses in this case and that defendant had not produced all documents responsive to the request.[1]

Document Request 38 seeks "[a]ll payroll records, employee lists, rosters and other such DOCUMENTS which show the names, positions, addresses and/or telephone numbers of LOAFC officers and employees during the period of January 1, 2005, to date." Defendant objected to Document Request 38 on the basis that it was not relevant to any claim in the case and that it sought confidential personnel files, raising privacy concerns. Judge Waxse found that plaintiff was able to sustain its burden of showing the relevancy of these documents and that the protective order in this case sufficed to protect any privacy concerns raised by the document request. Defendant now objects to Judge Waxse's rulings granting the motion to compel on Document Requests 18, 19, and 38 for substantially the same reasons argued before Judge Waxse.

---

[1] *See* Fed. R. Civ. P. 26(b)(1).

*Discussion*

Fed. R. Civ. P. 72(b) allows a party to provide specific, written objections to the magistrate judge's order. The rule states that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."[2] With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[3] "The clearly erroneous standard applies to factual findings, and 'requires that the reviewing court affirm unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed."'"[4]

The Court has reviewed Judge Waxse's February 25, 2011 Order and is not left with the definite and firm conviction that a mistake has been committed. Judge Waxse properly began his analysis on both categories of document requests with the question of whether the discovery sought appears relevant on its face.[5] If the discovery appears relevant, then the burden is on the party resisting discovery to show that the requested discovery is either not relevant or the relevance is outweighed by the potential harm caused by discovery.[6] If the discovery does not

---

[2] Fed. R. Civ. P. 72(b).

[3] *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

[4] *McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE § 3069, at 355 (2d ed. 1997) and quoting *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948))).

[5] *See, e.g.*, *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006).

[6] *Id.*

3

appear relevant, the burden is on the party seeking discovery to show relevance.[7]

   1.   **Document Requests 18 and 19**

With respect to Requests 18 and 19, Judge Waxse determined that the financial information appeared relevant to determine the amount of defendant's profits that may be attributable to its alleged infringement, and relevant to plaintiff's compensatory and punitive damages claims. As such, the burden was on defendant to show why the requested information did not come within the broad scope of relevance that applies at the discovery stage.[8] After duly considering defendant's arguments, Judge Waxse found that the information was relevant and that it had not been produced.

Defendant first reiterates its argument that LOA's financial statements, already produced to plaintiff, are sufficient to establish its gross revenues for the purpose of determining lost profits based on the copyright infringement claim. If defendant is found liable for copyright infringement, the statute allows for recovery of

> any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses . . . ."[9]

Defendant argues that evidence relevant to a lost profits analysis is not relevant because plaintiff has failed to show that there were any profits earned by LOA as a result of the allegedly infringing activity; therefore, there is no way that the accounting records are reasonably

---

[7]*Id.*

[8]*See id.*

[9]17 U.S.C. § 504(b).

4

calculated to lead to the discovery of admissible evidence. Also, defendant suggests that the evidence is not relevant because under the statute, the plaintiff must only show gross revenue, which previous discovery is sufficient to establish. Judge Waxse considered and rejected these arguments and the Court finds no clear error in that judgment.

LOA's accounting records appear reasonably calculated to lead to the discovery of admissible evidence because plaintiff claims damages available under federal law, which include a possible claim of lost profits. It is premature for the Court to decide, prior to dispositive motions, that there is no evidence in the case that would support a claim for lost profits. And the fact that it is defendant's burden to show expenses in the event that plaintiff is able to show gross revenues is not an appropriate basis for finding these documents are not discoverable, as explained by Judge Waxse in his Order. Defendant essentially argues that this Court should make a threshold determination that there is evidence to support certain types of damages in this case in order for them to be relevant and discoverable. This is not the standard. Judge Waxse applied the appropriate standard to these discovery requests, a liberal relevancy standard, and this Court finds no clear error in his application of that standard.

Finally, defendant objects to Judge Waxse's observation, as part of his threshold determination, that the accounting records appear relevant to a determination of punitive damages. Under Kansas law, in determining the amount of punitive damages, the Court is to consider the following factors set forth in K.S.A. § 60-3702(b):

> (1) The likelihood at the time of the alleged misconduct that serious harm would arise from the defendant's misconduct;
>
> (2) the degree of the defendant's awareness of that likelihood;
>
> (3) the profitability of the defendant's misconduct;

5

>    (4) the duration of the misconduct and any intentional concealment
>    of it;
>
>    (5) the attitude and conduct of the defendant upon discovery of the
>    misconduct;
>
>    (6) the financial condition of the defendant; and
>
>    (7) the total deterrent effect of other damages and punishment
>    imposed upon the defendant as a result of the misconduct,
>    including, but not limited to, compensatory, exemplary and
>    punitive damage awards to persons in situations similar to those of
>    the claimant and the severity of the criminal penalties to which the
>    defendant has been or may be subjected.

It was not clearly erroneous for Judge Waxse to conclude that the documents sought by Requests 18 and 19 appear likely to lead to discoverable evidence with regard to a number of these factors. Defendant cites no authority from within this jurisdiction that such discovery is premature.

### 2.     Document Request 38

With respect to Request 38, Judge Waxse determined that the discovery did not appear relevant on its face; therefore, the burden was on plaintiff to show its relevancy. Judge Waxse determined that plaintiff met this burden by showing that many of defendant's employees and officers may have information regarding the alleged infringement because it is alleged to have been blatant infringement, including copying and deliberate removal of plaintiff's copyright notice. Defendant contends that this ruling was clear error because it already produced in the initial Rule 26(a) disclosures a list of individuals who may have knowledge regarding the claims in this matter. But the fact that defendant produced these names previously did not require Judge Waxse to find that this document request was unlikely to lead to relevant information. The Court

finds no clear error in Judge Waxse's finding that this Document Request is reasonably likely to lead to the discovery of admissible evidence.

Next, defendant objects that, in ruling on relevance, Judge Waxse erroneously accepted plaintiff's argument that it "must be able to contact employees and ascertain the level of knowledge of each employee." Defendant contends that plaintiff may not contact any of defendant's employees without running afoul of the ethical restraints in Rule 4.2 of the Kansas Rules of Professional Conduct. The Court finds no reference in Judge Waxse's Order to "accepting" the statement attributed to plaintiff. Of course, the parties are subject to the Kansas Rules of Professional Conduct, adopted and amended by the Kansas Supreme Court and the Court trusts that counsel will abide by these rules. There is nothing in the document request at issue that necessitates an ethical violation and the Court finds no clear error on this basis.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Objections to the United States Magistrate Judge's Order on Plaintiff's Renewed First Motion to Compel Discovery (Doc. 180) are **overruled and denied**.

**IT IS FURTHER ORDERED** that defendant's Motion to Stay Order on Motion to Compel (Doc. 181) is **denied as moot**.

Dated: April 14, 2011

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE