**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

PRO FIT MANAGEMENT, INC.           )
d/b/a DRAFT INCREASE SOLUTIONS,    )
                                   )
        Plaintiff,               )      Civil Action No. 08-CV-02662-JAR-DJW
                                   )
v.                                 )
                                   )
LADY OF AMERICA FRANCHISE          )
CORPORATION, et al,                )
                                   )
        Defendant.               )

**<u>MEMORANDUM AND ORDER</u>**

Pending before the Court is Plaintiff's Motion to Compel Production of Documents (ECF No. 208). Plaintiff moves the Court to compel Defendant to produce documents responsive to Plaintiff's Fourth Request for Production, specifically, Request Nos. 5, 6, 7, 8, 9, and 10. The facts pertinent to this motion are as follows. On April 11, 2011, Defendant served Plaintiff with Defendant's Responses and Objections to Plaintiff's Fourth Request for Production. On May 11, 2011, Plaintiff's counsel telephoned Defendant's counsel to discuss disputes related to the Request for Production. In the course of that phone call, Defendant's counsel requested that Plaintiff submit a written document describing its position as to Defendant's responses to Requests Nos. 5 - 10. Plaintiff filed this Motion to Compel on that same day, May 11, 2011. Defendant opposes this Motion to Compel on the grounds that Plaintiff filed this Motion in violation of D. Kan. R. 37.2 by failing to make a reasonable effort to confer prior to such filing.[1] Plaintiff asserts that it did make a good faith effort to confer by "calling counsel for defendant in an effort to determine whether

---

[1]See ECF No. 212.

defendant would produce the requested documents."[2]

Fed. R. Civ. P. 37(a)(1) requires any motion to compel discovery to include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

In conjunction with Fed. R. Civ. P. 37, District of Kansas Rule 37.2 provides:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion.
>
> *   *   *
>
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.

The purpose of the local rule is to encourage the parties to satisfactorily resolve their discovery disputes prior to resorting to judicial intervention.[3]  Meet and confer requirements are not satisfied "by requesting or demanding compliance with the requests for discovery."[4]  The parties must determine precisely what the requesting party is actually seeking, what responsive documents or information the discovering party is reasonably capable of producing,  and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[5]

The Plaintiff's efforts to confer before filing the motion appear minimal at best.  Reasonable effort to confer requires that the parties "in good faith converse, confer, compare views, consult and

---

[2]ECF No. 213

[3]*VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ. A. 98-2138-KHV, 1999 WL 386949, at *1 (D. Kan. June 8, 1999).

[4]*Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[5]*Id.*

deliberate, or in good faith attempt to do so."[6]  Plaintiff described its phone call to Defendant's counsel as an attempt to "determine whether defendant would produce the requested documents." Plaintiff fails to provide any other facts that would lead the Court to conclude that the communication between the parties was aimed at identifying and resolving the disputed issues regarding Plaintiff's Fourth Request for Production. As a result, the Court finds this phone call appears to be a mere request for compliance and falls short of the meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Production (ECF No. 208) is denied, as set forth herein.

Dated in Kansas City, Kansas, this 17th day of November, 2011.


s/ David J. Waxse
David J. Waxse
United States Magistrate Judge


cc:      All counsel

---

[6]D. Kan. Rule 37.2.